### Brian G. WRIGHT

v.

### FEDERAL MACHINE CO., INC.

### Civ. A. Nos. 80–1143, 80–4250.

United States District Court,
E. D. Pennsylvania.

April 1, 1982.

George F. Dale, Dale & Korolishin, Philadelphia, Pa., for plaintiff.

Matthew M. Strickler, George E. Moore, Ballard, Spahr, Andrews & Ingersoll, Philadelphia, Pa., for defendant.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

In this action plaintiff, Brian G. Wright (plaintiff), alleges that defendant, Federal Machine Co. (Federal), is liable in negligence, assumpsit, and under § 402A of the Restatement of Torts (Second), for his injuries that occurred when his arm was caught in a leather press that he was operating in the course of his employment at McAdoo and Allen, Inc. (McAdoo) of Quakertown, Pennsylvania. In connection with the plaintiff's 402A action, he contends that Federal is liable because it is a successor in interest to Carley Machine Co. (Carley), the manufacturer of the press and that Federal is also liable because it sold replacement parts for the press to McAdoo without having offered to provide a safety guard for the moving parts and without having provided a warning that the parts were dangerous without a guard.

After discovery, Federal filed this motion for summary judgment claiming that it is not a successor in interest to Carley and that it owes no duty as the mere supplier of replacement parts to provide a safety guard or a warning for the fifty-year-old machine which it did not manufacture and which it has never seen. Plaintiff filed a cross-motion to strike Federal's motion because it was not filed within a sixty-day period established by the Magistrate. The Court denied plaintiff's cross-motion on November 19, 1981 and now, for the reasons hereinafter set forth, the Court will grant Federal's motion for summary judgment.

In determining the propriety of granting a motion for summary judgment, the Court must consider whether there exists a genuine issue as to any material fact. *Hicks v. A. B. T. Assoc., Inc.*, 527 F.2d 960, 967 (3d Cir. 1978); *Abdallah v. Caribbean Security Agency*, 557 F.2d 61, 63 (3d Cir. 1977). On the basis of the uncontroverted facts set forth in depositions and affidavits, the Court finds that there is no genuine issue of material fact. The uncontroverted facts may be summarized as follows:

Plaintiff was injured on October 2, 1978, his first day on the job for McAdoo, when he reached down into the leather press he had been operating to retrieve a hide which had fallen. The press was somehow activated, spinning rollers which caught and injured plaintiff's arm. Plaintiff's complaint alleges that his injuries were caused by several design defects in the press, including an absence of safety guards over the rollers, absence of a shutoff switch and absence of a safety release on the clutch lever.

The leather press, a "Quirin 70 inch", was manufactured by Carley in about 1922 and sold to McAdoo at that time. In 1971 Carley apparently went out of business and Federal purchased some items from Carley for $600.00, including a small inventory of parts for the "Quirin 70 inch" press. In 1972 and 1973, Federal sold some of these parts to McAdoo, including two "wringer" rollers which caught plaintiff's arm.

We are mindful of our responsibility to resolve in favor of the non-moving party any doubt concerning whether there is a genuine issue of material fact. Our examination of the affidavits and depositions shows that Federal has met its burden of showing that there is no genuine issue of material fact.

Federal submitted the affidavits of Edward Canty, president of Federal. He states that Federal did not design or manufacture the parts which they sold to McAdoo, nor did they design, manufacture or sell the parts of the press which are allegedly defective. He states that Federal's sole connection with Carley, which did design and manufacture the parts in question, was that Federal purchased $600.00 worth of parts, jigs, patterns and mailing lists from Carley in 1971. He further states that no Federal employee has ever visited the McAdoo plant in Quakertown to inspect the leather press in issue or to install parts on the press. Finally, he states that Federal is one of several companies which sells parts that can be used on the "Quirin 70 inch" press.

Plaintiff filed the affidavit of George F. Dale, plaintiff's counsel in the action. Mr. Dale asserts that Federal "may" have designed or manufactured parts for the "Quirin 70 inch" press and that Federal has continued the enterprise of Carley. Mr. Dale, however, provides no evidentiary support for his statements. Mr. Dale further concludes that the sale of two wringer rollers without providing either a safety guard or a warning constitutes a sale of a defective part. Mr. Dale's affidavit consists of nothing more than unsubstantiated legal conclusions, which are not sufficient to create an issue of material fact within the meaning of F.R.Civ.P. 56(e). His affidavit presents no material facts which contradict Mr. Canty's affidavits and for this reason it is nothing more than a general denial. A party opposing summary judgment on the ground that there exists a genuine issue of material fact must respond to the moving party's depositions and affidavits with more than just a general denial. F.R.Civ.P. 56(e). *Tunnel v. Wiley*, 514 F.2d 971 (3d Cir. 1975); *Lockhart v. Hoenstine*, 411 F.2d 455, 459 (3d Cir. 1969).

The Court must accept as a fact for the purpose of this summary judgment motion the statements set forth in Mr. Canty's affidavits that Federal's sole connection with the plaintiff's injury was its purchase of parts from Carley and its resale of those parts, some of which were used on the press which injured the plaintiff.

The Court is presented with two legal issues: (1) whether Federal is liable under § 402A because it is a successor in interest to Carley; and (2) whether Federal may be liable under § 402A because it sold replacement parts for a fifty-year-old machine which it did not design or manufacture, without providing safety devices or warnings.

This is a diversity action and the parties are in agreement that Pennsylvania law should be applied. The controlling Pennsylvania law concerning the 402A liability of a successor corporation has been most recently stated in *Dawejko v. Jorgensen Steel Co.*, 290 Pa.Super. 15, 434 A.2d 106 (1981), cited by my colleague, Judge Bechtle, in *Savini v. Kent Machine Works, Inc.*, 525 F.Supp. 711, E.D.Pa. 1981, wherein Judge Bechtle states the general rule:

> ... when one company sells or transfers all its assets to another company, the latter is not liable for the debts and liabilities of the transferor simply by virtue of its succession to the transferor's property. In order to find that this general rule is not applicable and that the transferee does acquire such liability, one of the following must be shown: (1) the purchaser expressly or impliedly agrees to assume such obligation; (2) the transaction amounts to a consolidation or merger; (3) the purchasing corporation is merely a continuation of the selling corporation; or (4) the transaction is fraudulently entered into to escape liability; ... or (5) the newly developed "product line" exception.

*Savini* at 715 and 718.

Federal's purchase of $600.00 worth of parts, plans, drawings, jigs and mailing lists does not bring it within any of the above listed exceptions. First, Federal did not agree, either expressly or impliedly, to assume any liability of Carley. Second, Federal's purchase was not the result of consolidation or merger. It was a straight cash sale of goods. Third, there was no "contin-

uation" of Carley. Fourth, there is no fraudulent evasion of liability. Fifth, Federal's purchases do not bring it within the "product line" exception. This last exception, developed as a departure from rigid, formal notions of merger and liability, focuses instead on the policy underlying § 402A liability, that a manufacturer who benefits from the sale of a product should bear the cost of injuries which result and pass these costs along as a cost of doing business. *Savini* at 718, *Dawejko* 434 A.2d at 109. The "product line" exception distributes the cost of injuries resulting from the manufacture of defective products to corporations acquiring the assets of the previous manufacturer where it would be fair and just because the acquiring corporation continues substantially the same business and same manufacturing operation. *Savini* at 718. Public policy and fairness do not support a determination of liability as to Federal, the purchaser of only $600.00 worth of tools and parts from Carley.

 It is also clear that as a matter of law Federal cannot be held liable for plaintiff's injuries under § 402A on the basis that it sold replacement parts for a machine which, for the purposes of this motion, we will assume was defectively designed. In order for plaintiff to establish liability under this theory he must show that Federal both sold a defective product and that the defective product was the proximate cause of plaintiff's injuries. *Berkebile v. Brantly Helicopter Corp.*, 462 Pa. 83, 95, 337 A.2d 893, 898 (1975). "§ 402A ... is not meant to impose upon each manufacturer and seller an absolute liability as insurer for all injuries to consumers regardless of the relation of plaintiff's injuries to the particular defendants' product." *Southwire v. Beloit Eastern Corp.*, 370 F.Supp. 842, 858 (E.D. Pa.1974). Proximate cause is generally a question for the jury but the Court properly should rule on the question when there is no genuine issue of material fact. *Schreffler v. Birdsboro Corp.*, 490 F.2d 1148, 1154 (3d Cir. 1974), *Meuller v. Jeffrey Mfg. Co.*, 494 F.Supp. 275, 277 (E.D.Pa.1980).

Plaintiff does not allege a manufacturing defect in the rollers sold by Federal but claims that there is a design defect because Federal did not provide a guard or other safety devices for the press and did not give a warning about the risk of not having a safety guard. The absence of safety devices or warnings may be design defects in the press but they are not design defects in the rollers. The uncontroverted facts show that the rollers sold by Federal were neither defectively manufactured nor defectively designed. If the rollers were defective, there might well be a basis for liability under Pennsylvania law. *Burbage v. Boiler Engineering and Supply*, 433 Pa. 319, 249 A.2d 563 (1969). However, since Federal is not a "successor corporation" and since the uncontroverted facts show that the rollers were not defectively manufactured or designed, there is no basis in law upon which a jury could find § 402A liability as to Federal.

Plaintiff relies on the case of *Taylor v. Paul O. Abbe*, 516 F.2d 145 (3d Cir. 1975) to support his claim that Federal had a duty to at least offer to provide a safety guard for the press. The facts in the present case, however, do not bring it within the implications of *Abbe*. In *Abbe*, the defendant designed and manufactured a replacement sub-assembly for a pebble mill, which included two exposed gears. The purchaser refused defendant's offer to provide a guard for the gears and plaintiff was later injured when his hand was caught between them. Our Third Circuit, applying Pennsylvania law, held that the defendant was not liable for the absence of a guard because the purchaser had refused to buy the guard.

In *Abbe*, the defendant visited the purchaser's plant, inspected the machinery to be replaced and designed and manufactured an entire sub-assembly for the machine. None of these circumstances are present in this case. Federal never visited the job site to inspect the fifty-year-old machine nor did it install the rollers on the machine. Federal had no knowledge as to whether the press was equipped with safety devices. Federal did not manufacture or sell the complete press or an assembly where a safe-

ty guard would normally be attached. The two replacement rollers sold by Federal became dangerous only when they were installed by McAdoo in the press. Therefore, there is no basis in law for imposing § 402A liability on Federal on the basis of the facts uncontested in this motion.

*Taylor v. Abbe* supports our determination that the Pennsylvania Supreme Court would not extend § 402A liability to cover the uncontested facts in this case.

> We believe that the requirement that liability only be imposed where the manufacturer is responsible for the defective condition is necessarily implicit in § 402A.

*Abbe* at 147.

 Plaintiff's complaint also alleges liability on the basis of negligence and breach of warranty. The uncontroverted facts fail to support plaintiff's claim of negligence. "Negligence is the want of due care which a reasonable man would exercise under the circumstances." *Gift v. Palmer*, 392 Pa. 628, 141 A.2d 408 (1958). It is established that a negligence claim must fail if based on circumstances for which the law imposes no duty of care on the defendant. *Bradshaw v. Rawling*, 612 F.2d 135, 138 (3d Cir. 1979). The uncontroverted facts presently before the Court in this summary judgment motion present no basis in law supporting plaintiff's allegation that Federal was negligent in selling the replacement rollers. To the contrary, the depositions and affidavits reveal that Federal did not design nor manufacture the defective press. On the assumption that the press was defectively designed, the law does not impose a duty on the seller of replacement parts to undertake an independent safety investigation of their intended use.

In the absence of any specific allegation of breach of an express warranty, it is assumed that the plaintiff's complaint refers to breach of an implied warranty of merchantability or an implied warranty of fitness. *See*: 13 Pa.C.S.A. §§ 2314 and 2315 (formerly Pa.Stat.Ann. (Purdons) tit. 12A §§ 2–314 and 2–315). The uncon-

troverted record does not reveal any facts showing that the parts sold by Federal were defective. Therefore, there can be no breach of an implied warranty of merchantability. Since there is likewise no evidence of the purchaser's reliance on Federal's expertise in selecting the replacement parts, there can be no implied warranty of fitness.

For the reasons stated herein, the Court will enter an Order granting summary judgment for the defendant, Federal Machine Co., and against the plaintiff, Brian G. Wright.