(No. 57634.—

LINDA STANISLAWSKI *et al.*, Appellants, v. THE IN-DUSTRIAL COMMISSION *et al.* (Stauffer Chemical Company, Appellee).

*Opinion filed December 1, 1983.*

Coniglio & Pigato, of Chicago Heights, for appellants.

Braun, Lynch, Smith & Strobel, Ltd., of Chicago (Mark A. Braun and Alfred S. Vano, of counsel), for appellee.

JUSTICE GOLDENHERSH delivered the opinion of the court:

An arbitrator for the Industrial Commission found that on August 18, 1978, while employed by respondent, Stauffer Chemical Company, Antoni Stanislawski sus-

tained accidental injuries arising out of and in the course of his employment, causing his death. He left surviving his widow, petitioner Linda Stanislawski, and their three minor children. The arbitrator awarded compensation under section 7(a) of the Workmen's Compensation Act (Ill. Rev. Stat. 1977, ch. 48, par. 138.7(a)) and burial expenses under section 7(f) (Ill. Rev. Stat. 1977, ch. 48, par. 138.7(f)) but denied petitioner's claim for additional compensation under section 19(m) (Ill. Rev. Stat. 1977, ch. 48, par. 138.19(m)). On review, the Industrial Commission affirmed the decision of the arbitrator. On *certiorari*, the circuit court of Cook County confirmed the decision of the Industrial Commission and petitioner appealed. Supreme Court Rule 302(a) (87 Ill. 2d R. 302(a)).

Section 19(m) provided:

"(m) If the commission finds that an accidental injury was directly and proximately caused by the employer's wilful violation of a health and safety standard under the 'Health and Safety Act', approved March 16, 1936, as now or hereafter amended, in force at the time of the accident, the arbitrator or the Commission shall allow to the injured employee or his dependents, as the case may be, additional compensation equal to 25% of the amount which otherwise would be payable under the provisions of this Act exclusive of this paragraph. The additional compensation herein provided shall be allowed by an appropriate increase in the applicable weekly compensation rate." Ill. Rev. Stat. 1977, ch. 48, par. 138.19(m).

Section 4(d) of the Health and Safety Act in pertinent part provided:

"(d) All federal occupational safety and health standards which the United States Secretary of Labor has heretofore promulgated, modified or revoked in accordance with the Federal Occupational Safety and Health Act of 1970, shall be and are hereby made rules of the Illinois Industrial Commission unless the Illinois Industrial Commission shall make, promulgate, and publish an alter-

nate rule at least as effective in providing safe and healthful employment and places of employment as a federal standard." Ill. Rev. Stat. 1977, ch. 48, par. 137.4(d).

In denying an award for additional compensation claimed under section 19(m) the Industrial Commission, relying on its decisions in *Simpson v. Martin-Marietta Corp.* (1980), Opinion No. 81 IIC 417(a), and *Fleming v. Celotex Corp.* (1981), Opinion No. 81 IIC 417, held that by reason of the enactment of the Occupational Safety and Health Act of 1970 (OSHA) (29 U.S.C. sec. 651 *et seq.* (1976)) all State enforcement of industrial safety laws was preempted. It found that although Illinois had submitted a plan for the development and enforcement of State occupational and safety health standards the plan was subsequently withdrawn and that OSHA presently enforces the Federal standards in Illinois.

It is petitioner's contention that she should have been permitted to prove that the accident which caused the death of the decedent was directly and proximately caused by the respondent's wilful violation of a health and safety standard in effect under the provisions of the Health and Safety Act and that the award should be increased by 25%. It is, of course, respondent's contention that enforcement of the standards has been preempted under the Federal legislation and that the judgment should be affirmed.

Title 29 U.S.C., section 655 (1976), provides for the adoption of occupational safety and health standards and the procedures for so doing.

Title 29 U.S.C., section 667(a), provides:

"Nothing in this chapter shall prevent any State agency or court from asserting jurisdiction under State law over any occupational safety or health issue with respect to which no standard is in effect under section 655 of this title." 29 U.S.C. sec. 667(a) (1976).

Section 667(b) of title 29 provides that a State which desires to assume responsibility for development and enforcement of occupational safety and health standards with

respect to which a Federal standard has been promulgated shall submit a State plan for the development of such standards and their enforcement. (29 U.S.C. sec. 667(b) (1976).) Illinois had submitted such a plan, but it was withdrawn on June 30, 1975. Section 1901.2 of the regulations adopted by the Occupational Safety and Health Review Commission provides:

"Section 18(a) of the Act is read as preventing any State agency or court from asserting jurisdiction under State law over any occupational safety or health issue with respect to which a Federal standard has been issued under section 6 of the Act." 29 C.F.R. sec. 1901.2 (1982).

Title 29, section 653(b)(4), provides:

"Nothing in this chapter shall be construed to supersede or in any manner affect any workmen's compensation law or to enlarge or diminish or affect in any other manner the common law or statutory rights, duties, or liabilities of employers and employees under any law with respect to injuries, diseases, or death of employees arising out of, or in the course of, employment." 29 U.S.C. sec. 653(b)(4) (1976).

The decisions of the Supreme Court leave no doubt that when Congress has declared its intent, either explicitly or implicitly, that its enactments alone regulate a part of commerce, State laws are preempted. *Jones v. Rath Packing Co.* (1977), 430 U.S. 519, 51 L. Ed. 2d 604, 97 S. Ct. 1305; *Ray v. Atlantic Richfield Co.* (1978), 435 U.S. 151, 55 L. Ed. 2d 179, 98 S. Ct. 988.

Title 29, section 655, explicitly provides for the adoption of Federal standards of industrial safety, leaving to the States jurisdiction over "any occupational safety or health issue with respect to which no standard is in effect under section 655 of this title." (29 U.S.C. sec. 667(a) (1976); 29 C.F.R. sec. 1901.2 (1982).) Section 4(d) of the Health and Safety Act (Ill. Rev. Stat. 1977, ch. 48, par. 137.4(d)) purports to adopt as rules of the Industrial Commission, in direct conflict with title 29, section 667(a), standards adopted

under title 29, section 655. Title 29, section 667(b), provides the only method by which a State may assume responsibility for development and enforcement of safety and health standards with respect to which Federal standards have been adopted, and the enactment of section 4(d) did not effect the adoption of the rules.

Petitioner asserts in her brief that the standard violated by respondent, and upon which she bases her claim for additional compensation, is a standard promulgated by OSHA. In view of our holding that the adoption of standards was preempted and that no plan was adopted under which the State would assume jurisdiction, there was no standard in force and effect to which the provisions of section 19(m) could be made applicable. The Commission correctly held that the matter was preempted, and the judgment of the circuit court confirming the decision of the Industrial Commission is affirmed.

*Judgment affirmed.*