George **HANSROTE**, Plaintiff,

v.

**AMER INDUSTRIAL TECHNOLOGIES INC., Defendant.**

**Civ. A. No. 81–218.**

United States District Court,
W.D. Pennsylvania.

June 7, 1984.

Joseph Messina, Johnstown, Pa., Louis Alvin, Pittsburgh, Pa., for plaintiff.

Stanley Stein, Feldstein, Grinberg, Stein & McKee, Pittsburgh, Pa., for defendant.

---

## MEMORANDUM OPINION

TEITELBAUM, Chief Judge.

In the trial of this diversity action plaintiff George Hansrote claimed the termination of his employment relationship by defendant Amer Industrial Technologies, Inc. (Amer) breached his contract of employment for a specific number of years or a reasonable period of time and was in violation of public policy and therefore a wrongful discharge. The jury returned a verdict for Hansrote and Amer moves for judgment n.o.v.

Moving for judgment n.o.v., Amer assumes the parties entered into a contract of employment. Addressing Hansrote's breach of contract claim, Amer contends that there is no evidence of a specific or reasonable term of employment. Addressing Hansrote's wrongful discharge claim, Amer contends that the contract provided for at will employment and applicable Delaware law does not recognize a cause of action for the discharge of an at will employee in violation of public policy. Amer further contends that if Delaware does recognize a cause of action for wrongful discharge, Amer's conduct did not violate public policy. Amer further contends that if Amer's conduct is actionable under Delaware law, there is no evidence to support relief on this theory.

The employment contract provides:

If you should accept our offer and so long as your performance of the above responsibilities is, in our opinion, satisfactory to us and is of the high quality you represented it to be during our interview, we will employ you and pay you the following compensation and benefits:

Amer contends this language negated a specific or reasonable term of employment and expressed at will employment. Hence Amer contends parole evidence tending to establish a specific or reasonable term of employment contradicted the written employment contract and was barred.

The above-quoted language does not support Amer's position. It did not clearly and unambiguously negate a specific or reasonable term of employment; neither did it clearly and unambiguously express at will employment. The employment contract did not establish the duration of employment and hence evidence of the intent of the parties and the surrounding circumstances was permissible. *Gillian v. Consolidated Foods Corp.*, 424 Pa. 407, 414, 227 A.2d 858, 862 (1967); 56 C.J.S. Master and Servant § 8 (1948). That is, because the written contract did not contain the entire agreement between the parties, parole evidence could be introduced to explain the meaning intended to be con-

veyed. *Rubin v. Lustro Tile Products Corp.*, 411 Pa. 549, 553–554, 192 A.2d 731, 733 (1963); 32A C.J.S. Evidence § 1003(7) (1964). From such evidence the jury could find the parties intended a reasonable period of employment.

As an alternative basis for relief, Hansrote claimed that if his employment with Amer was at will, his discharge was in violation of public policy and therefore actionable. In *Geary v. United States Steel*, 456 Pa. 171, 319 A.2d 174 (1974) Pennsylvania recognized a cause of action for the discharge of an at will employee in violation of public policy. Although Amer contends Delaware law applies because this contract was to be performed in Delaware, Amer has failed to show that Delaware law differs from Pennsylvania law. The recent Delaware cases cited by Amer merely address the modification of at will employment by an employee handbook or a stock agreement. The Court's research disclosed no Delaware case either recognizing or refusing to recognize a cause of action for wrongful discharge. For these reasons, it was assumed Hansrote could maintain an action for wrongful discharge under the law of either jurisdiction.

▮ Hansrote claimed Amer conditioned his employment with Amer on his improperly influencing his then employer, Westinghouse, to award a bid to Amer. 18 Pa.C.S.A. § 4108(a) makes the acceptance of a commercial bribe a criminal offense. Similarly 11 Del.C.A. §§ 881(1) and 882(1) make the giving and receipt of a commercial bribe a criminal offense. The public policy of both Pennsylvania and Delaware imposes a duty on an employer to refrain from discharging an employee who refuses to commit criminal acts at the behest of his employer. There was evidence from which the jury could find that Amer terminated its employment relationship with Hansrote because Hansrote refused to participate in Amer's unlawful and unethical conduct.

For all of the foregoing reasons, Amer's motion for judgment n.o.v. will be denied. An appropriate order shall issue.