Douglas M. BRAUN

v.

KELSEY-HAYES CO.

Civ. A. No. 85–2377.

United States District Court,
E.D. Pennsylvania.

March 14, 1986.

Thomas J. Profy III, Langhorne, Pa., for plaintiff.

Jerald R. Cureton, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

JAMES McGIRR KELLY, District Judge.

The plaintiff Douglas M. Braun filed the underlying action against the defendant Kelsey-Hayes Co. following his termination from employment as a safety engineer at the defendant's fabricating plant in Philadelphia. Jurisdiction is based upon diversity. The plaintiff's complaint alleges three causes of action: Count I, breach of oral representations in an employment contract; Count II, breach of a severance pay and benefits contract; and Count III, wrongful discharge. Presently before the court is the defendant's motion for summary judgment on all counts of the complaint. For the following reasons, the defendant's motion will be granted as to Counts I and III and denied as to Count II.

The party moving for summary judgment pursuant to Fed.R.Civ.P. 56(c) has the burden of demonstrating that there is "no genuine issue as to any material fact" and that he is entitled to judgment as a matter of law. 10A Wright, Miller & Kane, *Federal Practice & Procedure: Civil 2d* § 2727 at 133 (1983). Facts asserted by the party opposing the motion are regarded as true if supported by affidavits or other evidentiary material. *Id.* at 127–28. In deciding the motion, all doubts must be resolved in favor of the party opposing summary judgment. *Wright v. Federal Machine Co., Inc.,* 535 F.Supp. 645, 647 (E.D.Pa.1982).

## COUNT I

Count I of the complaint alleges that at the time of the plaintiff's hiring, as part of his employment contract, the defendant verbally assured the plaintiff that he would retain his job as long as he performed it satisfactorily. The plaintiff claims that the terms of this contract are properly ascertained by examining all surrounding circumstances of the parties' relationship.

The plaintiff has testified at deposition that he was also promised that any reductions in force would be made on the basis of job performance rather than employee seniority. The plaintiff also claims that the facts and allegations set forth in the complaint and in deposition testimony illustrate that he was fired for being a "whistle blower" in carrying out his duties and responsibilities as a safety engineer; the plaintiff alleges this violated a covenant of good faith and fair dealing as implied by his employment contract.

■ The defendant argues he is entitled to summary judgment of Count I. First, the defendant correctly states that the plaintiff has the burden of overcoming the presumption under Pennsylvania law that employers may terminate employees at will for any reason, at any time, absent a contract or statute which provides otherwise. *Fleming v. Mack Trucks*, 508 F.Supp. 917, 920 (E.D.Pa.1981). Under Pennsylvania law, a representation that employment is guaranteed "so long as" the job is performed satisfactorily is too ambiguous to modify the strong presumption that contracts of employment of indefinite tenure are "at-will", and accordingly, subject to termination without cause. *Geib v. Alan Wood Steel Company*, 419 F.Supp. 1205, 1207–09 (E.D.Pa.1976); *see also Fleming*, 508 F.Supp. at 920. It is not necessary to follow the plaintiff's suggestion to look beyond the terms of the alleged oral contract and determine an intended duration of employment through evidence of the surrounding circumstances of the parties' relationship. The plaintiff's reliance on *Hansrote v. American Industrial Technologies, Inc.*, 586 F.Supp. 113 (W.D.Pa.1984), *aff'd* 770 F.2d 1070 (3d Cir. 1985) for this proposition is misplaced. There is no indication that the plaintiff was guaranteed employment for a specific duration. Rather, the plaintiff was employed at the defendant's will. Thus, the alleged oral representation by the defendant's agent that the plaintiff was guaranteed employment "as long as he performed satisfactorily" is insufficient as a matter of law to create a cause of action for breach

of the plaintiff's contractual claims in Count I.

■ Next, the defendant argues that no evidence exists to prove that the plaintiff was laid off or fired on the basis of seniority, because it is impossible for seniority to have been a basis for the termination of employment where it is undisputed that the plaintiff was the only employee in his job classification. Accordingly, the defendant asserts that it is a matter of law that no "breach" of this alleged oral contract could have occurred. The plaintiff has offered no evidence to rebut the defendant's conclusion. At deposition, the defendant stated he was the only safety engineer employed by defendant Kelsey-Hayes. However, he claimed that his supervisor, the Safety Manager, should have been laid off rather than he because his performance and training exceeded hers. Even if true, this assertion has no bearing on the question of whether the plaintiff was laid off on a seniority basis. Rather, it amounts to a contention that the defendant management erred in its choice of which employee to terminate. The defendant's retention of the supervisor and firing of the plaintiff simply does not evidence or indicate a seniority based decision; and it is not the province of the court or jury to second guess managerial decisions. Accordingly, it is a matter of law that no breach of the alleged oral contract regarding seniority occurred.

■ Lastly, the defendant asserts that the plaintiff has presented insufficient evidence as a matter of law to interpret and maintain Count I as a cause of action for breach of an implied covenant of good faith. Section 205 of the Restatement Second of Contracts (1965) states that every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement. The plaintiff's complaint does not explicitly state that the defendant breached its contract with the plaintiff by violating an implied covenant of good faith and fair dealing. However, facts are alleged in Count I which commu-

nicate a theory that the defendant was terminated from employment because his conscientious performance as a safety engineer proved embarrassing to the defendant. The plaintiff later characterized these events (in its response to the defendant's motion for summary judgment) as a breach of the covenant of good faith.

Sitting in diversity jurisdiction the court is constrained by the requirement that "a federal court must be sensitive to the doctrinal trends of the state whose law it applies, and the policies which inform the prior adjudications by the state courts." *Becker v. Interstate Properties*, 569 F.2d 1203, 1206 (3d Cir.1977), *cert. denied* 436 U.S. 906, 98 S.Ct. 2237, 56 L.Ed.2d 404 (1978). Certain states have enhanced the position of an employee-at-will. For example, the Massachusetts Supreme Court implied into the employment at-will relationship a requirement of good faith in *Fortune v. National Cash Register Co.*, 373 Mass. 96, 364 N.E.2d 1251 (1977), which affirmed judgment for the employee based on the jury's finding that his termination after 25 years of employment as a salesman was motivated by the employer's bad faith desire to avoid payment of certain bonuses. However, Pennsylvania has not implied a requirement of good faith into the at-will employment contract.

The Third Circuit has held that a claim for breach of an implied covenant of good faith in an at will employment contract fails "unless some modification of Pennsylvania's adherence to the discharge at will doctrine could be predicted, since it would be to no avail to plaintiff to claim breach of an express contract of employment which would have been terminable immediately thereafter at the option of the employer." *Bruffett v. Warner Communications, Inc.*, 692 F.2d 910, 913 (3d Cir.1982). The plaintiff cites *Shipkowski v. U.S. Steel Corp.*, 585 F.Supp. 66 (E.D.Pa.1983) as authority for ascertaining a cause of action in an at-will contract pursuant to an implied covenant of good faith. However, in the circumstances of the instant case, the reliance is misplaced. The good faith action in *Shipkowski* (which was explicitly alleged in the complaint) was maintained precisely because the length of the plaintiff's employment and other facts indicated a possibility that the at-will doctrine had been modified. Here, there is no indication that the plaintiff can satisfy the burden of overcoming the presumption of at-will employment, as discussed above. Accordingly, the interpretation of Count I as an action for violating a covenant of good faith is inappropriate as a matter of law.

In conclusion, the plaintiff has failed to state a cause of action in Count I upon which relief may be granted, and there is no genuine issue as to any material fact. Judgment will be entered for the defendant as to this count.

COUNT II

According to the plaintiff, Count II of his complaint alleges that at the time of his termination he agreed not to contest it with higher levels of management on the condition that his medical benefits and 75% of his salary would be continued through November, 1983. The plaintiff states that in order to obtain these benefits, on April 27, 1983 he threatened to tell defendant President Koavar of illegal safety and health practices at the plant. The plaintiff asserts that in response, defendant's agent, K.W. Spahr, promised the severance benefits would be continued to November, 1983, and claims the defendant was bound by these alleged oral representations. According to the plaintiff, the defendant subsequently breached this agreement by terminating the plaintiff's severance pay on June 1, 1983 and ending his Blue Cross/Blue Shield coverage on August 1, 1983. The plaintiff claims damages in this count pursuant to the Wage Payment and Collection Law of the Commonwealth of Pennsylvania, Act of July 14, 1961, P.L. 637 § 1, *et seq.*, as amended, 43 P.S. 260.1, *et seq.*

The defendant denies that K.W. Spahr ever made such representations, and further, argues that summary judgment be entered in its favor on this count because the facts the plaintiff alleges are not admissible under the parol evidence rule.

The plaintiff has offered as proof of this argument a copy of a "Notice" which states that the plaintiff's separation pay would be seventy-five percent of his salary through June 30, 1983, when his health insurance would also cease, and that the plaintiff would pay a premium of $163.50 each month for that benefit. Both parties agree the plaintiff was presented with this document on April 29, 1983, two days after he allegedly struck the severance "bargain" with K.W. Spahr. The defendant alleges the plaintiff signed this document, constituting a contract, and that under the Pennsylvania parol evidence rule prior oral representations which alter the terms of the written contract (such as the oral representations allegedly made by K.W. Spahr) are inadmissible. The rationale for such an argument is that "[u]nless fraud, accident or mistake [is] averred, the writing constitutes the agreement between the parties, and its terms cannot be added to nor subtracted from by parol evidence." *Harrison v. Fred S. James, P.A., Inc.*, 558 F.Supp. 438, 442–44 (E.D.Pa.1983).

The plaintiff "specifically denied signing the document and in fact recalls refusing to sign it as prepared." (Plaintiff's Memo. at 5) The plaintiff also points to other "problems" with the "Notice" document as indications that it does not constitute a contract. Lastly, the plaintiff argues that the document does not purport to contain the entire agreement of the parties, or even purport to be an agreement and thus is not subject to the parol evidence rule.

■ The defendant responds by asserting that the plaintiff is attempting to create an issue of fact by making contradictory statements. The defendant refers to representations he recalls the plaintiff's counsel making at a pretrial conference in chambers. The court must confine itself to the affidavits and depositions properly presented. Because the defendant has denied signing the "notice" and has presented questions regarding whether the notice constitutes an enforceable agreement by its terms, material issues of fact exist and the court may not enter summary judgment as to this count. The defendant has requested permission to retain a handwriting expert; leave to do so is approved by the court.

## COUNT III

■ The plaintiff alleges in Count III that he was wrongfully discharged due to his efforts as a safety engineer to correct serious and chronic health and safety problems at the defendant's plant and to effect the proper storage and disposal of hazardous and toxic substances. In general, there is no non-statutory cause of action under Pennsylvania law for an employer's termination of an at-will employment relationship. *Reuther v. Fowler & Williams, Inc.*, 255 Pa.Super. 28, 31, 386 A.2d 119, 120 (1978). However, when the discharge of an employee-at-will threatens certain public policies, the employee may have a limited, nonstatutory cause of action against the employer for wrongful discharge. *Yaindl v. Ingersoll-Rand Co. Standard Pump-Aldrich Division*, 281 Pa. Super. 560, 422 A.2d 611 (1981), citing *Geary v. United States Steel Corp.*, 456 Pa. 171, 319 A.2d 174 (1974). The plaintiff alleges he was discharged in violation of the public policy of the Commonwealth which favors safe and healthy working environments for employees and the proper disposal of hazardous waste. The plaintiff cites the following as manifestation of this public policy: "the Occupational Safety and Health Act of 1970, Pub.L. 91–596, December 29, 1970, 84 Stat. 1590 ["OSHA"]; Toxic Substances Control Act, Pub.L. 94–469, October 11, 1976, 90 Stat. 2003; Environmental Quality Improvement Act of 1970, Pub.L. 91–244, Title II, et seq. 202–205, April 3, 1970. 84 Stat. 114, Article I, Section 27 of the Pennsylvania Constitution, and 43 P.S. 25–1 et seq."

The defendant argues that the heart of the plaintiff's claim for wrongful discharge has been preempted by OSHA, regardless of any alleged common law rights for wrongful discharge. The court is persuaded that this argument is correct.

OSHA, 29 U.S.C.A. § 660(c)(1), and the Toxic Substance Control Act, 15 U.S.C.A. § 2622 (West 1982 & Supp.1985), provide specific remedies for corporate retaliation against employees who participate in any action to carry out the purpose of the federal statutes. See also 29 C.F.R. §§ 24.1–24.9 (1985). The statutory remedies are exclusive: they provide for the filing of a complaint with the Secretary of Labor and there is no private right of action. *See Taylor v. Brighton Corp.*, 616 F.2d 256 (6th Cir.1980).

The applicable federal regulation specifically protects employees as follows:

(b) Any person is deemed to have violated the particular federal law and these regulations if such person intimidates, threatens, restrains, coerces, blacklists, discharges, or in any other manner discriminates against any employee who has:

(1) Commenced, or caused to be commenced, or is about to commence or cause to be commenced a proceeding under one of the Federal statutes listed in Sec. 24.1 or a proceeding for the administration or enforcement of any requirement imposed under such Federal statute;

\* \* \* \* \* \*

(3) Assisted or participated, or is about to assist or participate, in any manner in such a proceeding or in any other action to carry out the purposes of such Federal statute.

29 C.F.R. § 24.2(b)(1) and (3).

■ Here, the plaintiff was about to participate in an action to further the purposes of the federal statutes. His alleged "whistle blowing" activities relate directly to safety and health concerns of the defendant's employees. The plaintiff accuses the defendant of intentionally violating federal and state safety and health statutes. The plaintiff specifically cites, *inter alia,* OSHA, and specifically alleges that the defendant discharged him to prevent him from revealing the defendant's alleged safety and health violations. He further claims that his disclosure of toxic and haz-

ardous waste information to the Philadelphia Fire Department led to his discharge. Thus, the plaintiff has no private right of action and must apply for relief through the statutory anti-retaliation provision.

This statutory remedy is exclusive and preemptive of any state tort action. *Wolk v. Saks Fifth Ave., Inc.*, 728 F.2d 221 (3d Cir.1984). In *Wolk,* the Third Circuit held that a claim for wrongful discharge under common law may only be maintained in the absence of a statutory remedy. *Wolk,* 728 F.2d at 223. The court noted therein that the "only Pennsylvania cases applying the public policy exceptions [to create a wrongful discharge claim] have done so where no statutory remedies were available". *Wolk,* 728 F.2d at 223, *quoting, Bruffett v. Warner Communication, Inc.*, 692 F.2d 910, 912 (3d Cir.1982). Since OSHA provides a remedy for employees that claim retaliatory termination, the plaintiff cannot maintain his wrongful discharge action against the defendant. *See, Walsh v. Consolidated Freightways, Inc.*, 278 Or. 347, 563 P.2d 1205 (1977). In *Walsh,* the Supreme Court of Oregon held that the plaintiff could not maintain a cause of action for wrongful discharge, because the alleged retaliatory nature of the defendant's conduct fell within the remedies afforded plaintiff in Section 11(c) of OSHA, even though Walsh never in fact reported or threatened to report the alleged safety hazards to OSHA.

Accordingly, summary judgment will be entered against the plaintiff as to Count III.