**Herbert McELROY, Plaintiff,**

v.

**SOS INTERNATIONAL, INC.
Defendant.**

**No. 89 C 4639.**

United States District Court,
N.D. Illinois, E.D.

Dec. 20, 1989.

Marc M. Pekay, Chicago, Ill., for plaintiff.

Adele Rapport, Carol McHugh, Paul E. Starkman, Arnstein & Lehr, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

HOLDERMAN, District Judge:

Plaintiff Herbert McElroy originally brought this suit against defendant Strategic Organization Systems Environmental Engineering Division, Inc. ("SOS International") in the Circuit Court of Cook County, Illinois. SOS International removed the action to this court. Now, McElroy has moved to remand the case back to the state court. SOS International, in turn, has moved to dismiss the action for failure to state a claim upon which relief can be granted under Fed.R.Civ.Pro. 12(b)(6), contending that provisions of the Occupational Safety and Health Act ("OSHA"), 29 U.S.C. § 651 *et seq.*, preempt McElroy's claims.

This court finds that McElroy's action was properly removed to this court and thus his motion to remand must be denied. Additionally, the court holds that OSHA does not preempt McElroy's claims. Thus, this case should be dismissed without prejudice to its reassertion in the state courts.

## BACKGROUND FACTS

SOS International employed McElroy as an asbestos worker. (State Complaint at ¶¶ 1–2; First Amended Complaint at ¶ 1.) In April of 1988 McElroy complained to his supervisor about SOS International's violations of OSHA requirements relating to the removal of asbestos. (State Complaint at ¶¶ 2–3; First Amended Complaint at ¶¶ 5–6.) On April 25, 1988 SOS International

fired McElroy in retaliation for his complaints about the OSHA violations. (State Complaint at ¶¶ 8–9; First Amended Complaint at ¶¶ 11–13.)

On May 8, 1989 McElroy filed this action for retaliatory discharge in the Circuit Court of Cook County, Illinois. A month later SOS International removed this case, claiming that it raised a federal question.

## DISCUSSION

This court's inquiry is divided into two parts. First, this court must determine whether it has jurisdiction over this action. Since McElroy originally brought his suit in state court, jurisdiction hinges upon whether SOS International properly removed the suit. Only if removal was proper may this court determine the second question—whether or not federal law preempts McElroy's claims. *Lingle v. Norge Division of Magic Chef, Inc.*, 823 F.2d 1031, 1037 (7th Cir.1987), *rev'd on other grounds*, 486 U.S. 399, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988).

### I. *SOS International Properly Removed This Action*

■ McElroy has moved to remand this case back to the state court. SOS International opposes remand, claiming that the case involves a federal question because OSHA provides the only remedy for McElroy's alleged retaliatory discharge.

The federal removal statute states:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a); *see also Illinois v. Kerr–McGee Chemical Corp.*, 677 F.2d 571, 574 (7th Cir.1982). A defendant may remove a cause of action presenting a federal question to a federal court regardless of diversity of citizenship. 28 U.S.C. § 1441(b); *see also Mitchell v. Pepsi–Cola Bottlers, Inc.*, 772 F.2d 342 (7th Cir.1985).

■ To determine whether McElroy's claim arises under federal law this court applies the "well-pleaded complaint rule", which provides that the "federal claim must generally appear on the face of the complaint unaided by any other pleadings, including a removal petition." *Oglesby v. RCA Corp.*, 752 F.2d 272, 275 (7th Cir. 1985).

McElroy's state court complaint asserts that SOS International discharged him in retaliation for complaining of OSHA violations. (State Complaint at ¶¶ 2, 3, 4, 9, 10.) Specifically, McElroy states that his discharge "was in violation and was contrary to public policy and in retaliation for plaintiff's attempt to have the defendants comply with OSHA's regulations." (State Complaint at ¶ 10.)

In his complaint McElroy makes no specific reference to violation of Illinois law. Although paragraph 10 of his complaint is a general reference to violation of "public policy," nowhere does McElroy state that he is seeking relief only under Illinois law. To the contrary, McElroy cites OSHA and violations of its requirements no fewer than five times. (State Complaint at ¶¶ 2, 3, 4, 9, 10.)

Based upon the face of his complaint, McElroy appears to be bringing suit for retaliatory discharge because he was a "whistle-blower" as to OSHA violations. As such, McElroy's complaint states a claim for a federal remedy under OSHA—specifically 29 U.S.C. § 660(c)(1) [1]—and thus was properly removed under the federal removal statute, 28 U.S.C. § 1441(a).

■ After the removal, however, pursuant to an agreement between the parties McElroy filed a first amended complaint with this court. Although this first amend-

---

1. This section states: "No person shall discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter or has testified or is about to testify in any such proceeding or because of the exercise by such employee on behalf of himself or others of any right afforded by this chapter."

ed complaint makes it clear that McElroy is seeking only a state court remedy, it fails to defeat removal.

Like the state court complaint, McElroy's first amended complaint also declares that SOS fired him for reporting OSHA violations. (Complaint at ¶¶ 5–7, 12–13.) McElroy adds to his first amended complaint, however, allegations that his discharge also violated various Illinois statutes. (Complaint at ¶¶ 5–7, 12–14). The first amended complaint also makes clear that McElroy seeks a remedy for violation of the public policy of Illinois. (Complaint at ¶ 14.)

■ Although McElroy's first amended complaint clarifies the remedies he seeks, this court must look to his state complaint to determine whether removal was proper. 28 U.S.C. § 1447(c); *Austwick v. Board of Education of Township High School*, 555 F.Supp. 840, 842 (N.D.Ill. 1983). However, even if McElroy's first amended complaint were controlling, it still would support removal, as it too pleads an OSHA claim for which this court would have had original federal question jurisdiction. Moreover, even if McElroy had amended his complaint to camouflage any mention of OSHA, the "artful pleading" exception to the well-pleaded complaint rule would require that this court look beyond the face of the complaint to expose any federal claim. *Lingle*, 823 F.2d at 1038.

Therefore, because it is clear that McElroy's complaint raises a federal question and this court would have had original jurisdiction under 28 U.S.C. § 1331, the action was properly removed to this court. *See Oglesby*, 752 F.2d at 276 n. 2 (if plaintiff's cause of action were construed as one for retaliatory discharge for exercising his rights under OSHA "it would have been grounded squarely on federal law and therefore removable by defendant as a matter off right. 28 U.S.C. § 1441.").

II. *OSHA Does Not Preempt McElroy's Claims*

■ Having decided the jurisdictional question, this court's next inquiry must be whether OSHA provides an exclusive remedy for retaliatory discharge of an employee who reports an OSHA violation, thereby preempting McElroy's claims as SOS International contends.

Congress has power under the Supremacy Clause of the Constitution to preempt state law. *Northwest Central Pipeline Corp. v. State Corp. Com'n of Kansas*, —— U.S. ——, 109 S.Ct. 1262, 1273, 103 L.Ed.2d 509 (1989). In determining whether Congress has invoked its preemption power primary emphasis is given to ascertainment of congressional intent. *R.J. Reynolds Tobacco Co. v. Durham County, N.C.*, 479 U.S. 130, 107 S.Ct. 499, 507, 93 L.Ed.2d 449 (1986).

SOS International contends that Section 667 of OSHA reflects a Congressional intent to preempt the entire field of health and safety to the extent that OSHA addresses particular issues. OSHA Section 667 states in relevant part:

**(a) Assertion of State standards in absence of applicable Federal standards**

Nothing in this chapter shall prevent any State agency or court from asserting jurisdiction under State law over any occupational safety or health issue with respect to which no *standard* is in effect under section 655 of this title.

**(b) Submission of State plan for development and enforcement of State standards to preempt applicable Federal standards**

Any State which, at any time, desires to assume responsibility for development and enforcement therein of occupational safety and health *standards* relating to any occupational safety or health issue with respect to which a Federal *standard* has been promulgated under section 655 of this title shall submit a State plan for the development of such standards and their enforcement.

29 U.S.C. § 667(a) and (b) (emphasis added).

The parties do not contest that Illinois has not received approval for a state plan under OSHA. *See also, Stanislawski v. Industrial Com'n*, 99 Ill.2d 36, 75 Ill.Dec. 405, 412, 457 N.E.2d 399, 406 (1983) (no

plan in effect).[2] Moreover, it is clear that OSHA prohibits retaliation because of complaints to employers about OSHA violations. 29 U.S.C. § 660(c)(1)[3]; 29 C.F.R. § 1977.9(c) (1988). Indeed, OSHA sets forth a procedure for relief whereby aggrieved employees must file a complaint with the Secretary of Labor within thirty days of an alleged violation. 29 U.S.C. § 660(c)(2)[4]; *see also* 29 C.F.R. 1977.15 *et seq.*

McElroy is not seeking a remedy under OSHA, however. He requests relief only under Illinois law. Contrary to SOS International's argument, neither Section 667 nor any other provision of OSHA preempts state law so as to preclude McElroy's state law claims.

Section 667 merely sets forth the procedure for approval of state plans seeking to regulate occupational safety or health issues for which no OSHA standard is in effect. The section cannot reasonably be read to preempt state tort remedies which may exist in addition to specified OSHA remedies. Indeed, Section 667 permits promulgation of state occupational health and safety standards for which no federal standard is in effect. An OSHA remedy for retaliatory discharge is not a "standard" within the meaning of Section 667 and thus does not preempt enforcement of a state's tort law.

Support for this court's holding is found in the Illinois Supreme Court's recent analysis of OSHA preemption in *People v. Chicago Magnet Wire Corp.*, 126 Ill.2d 356, 128 Ill.Dec. 517, 534 N.E.2d 962 (1989),

cert. den. sub. nom. Asta v. Illinois, —— U.S. ——, 110 S.Ct. 52, 107 L.Ed.2d 21 (1989). In *Chicago Magnet Wire* the State of Illinois prosecuted certain defendants under Illinois criminal law for conduct also regulated by OSHA. Specifically, the State charged the defendants with aggravated battery, reckless conduct, and conspiracy to commit aggravated battery by:

> ... knowingly and recklessly caus[ing] the injury of 42 employees by failing to provide for them necessary safety precautions in the workplace to avoid harmful exposure to "poisonous and stupefying substances" used by the [defendant] company in its manufacturing processes.

*Id.*, 128 Ill.Dec. at 518, 534 N.E.2d at 963.

The court in *Chicago Magnet Wire* noted that OSHA provides remedies for civil and criminal conduct in violation of OSHA standards. Specifically, OSHA authorizes the Secretary of Labor to conduct investigations and on-site inspections of workplaces and to institute enforcement proceedings for violations of OSHA standards. For violations of the standards OSHA provides for the imposition of civil fines ranging from $1,000 to $10,000. Criminal fines of $10,000 can be levied for giving unauthorized advanced notification of an OSHA inspection or knowingly making false statements of any OSHA filing. Finally, OSHA provides for prison terms of up to six months for wilful violations of OSHA standards resulting in an employee's death. *Id.*, 128 Ill.Dec. at 519–20, 534 N.E.2d at 964–5.

**2.** SOS claims that the *Stanislawski* case supports its case for preemption. However, the court in *Stanislawski* merely held that Illinois could not circumvent the OSHA approval procedure by allowing the Illinois Industrial Commission to promulgate alternate rules at least as stringent as those in OSHA. Because of this holding, the plaintiff in *Stanislawski* no longer had a state law basis for her complaint. The court never held, however, that OSHA preempted other state-law based claims.

**3.** This section states: "No person shall discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter or has testified or is about to testify in any

such proceeding or because of the exercise by such employee on behalf of himself or others of any right afforded by this chapter."

**4.** This section reads: "Any employee who believes that he has been discharged or otherwise discriminated against by any person in violation of this subsection may, within thirty days after such violation occurs, file a complaint with the Secretary [of Labor] alleging such discrimination. Upon receipt of such complaint, the Secretary shall cause such investigation to be made as he deems appropriate. If upon such investigation, the Secretary determines that the provisions of this subsection have been violated, he shall bring an action in any appropriate United States district court against such person...."

The Illinois circuit court dismissed the indictments in *Chicago Magnet Wire*, holding that OSHA preempted the states from prosecuting employers for conduct governed by OSHA unless the state had an approved plan, which Illinois did not. *Id.,* 128 Ill.Dec. at 519, 534 N.E.2d at 964. Although the appellate court affirmed the trial court's decision, the Illinois Supreme Court reversed in a well-reasoned opinion.

The Illinois Supreme Court ruled that OSHA in no way precludes enforcement of state criminal law as to federally regulated workplace matters. *Id.,* at 520, 534 N.E.2d at 965. The Court specifically held:

> There is nothing in the structure of OSHA or its legislative history which indicates that Congress intended to preempt the enforcement of State criminal law prohibiting conduct of employers that is also governed by OSHA safety standards. We would observe that the Supreme Court declared in *Jones v. Rath Packing Co.* (1977), 430 U.S. 519, 525, 97 S.Ct. 1305, 1309, 51 L.Ed.2d 604, 615, that "[w]here * * * the field which Congress is said to have preempted has been traditionally occupied by the States, * * * 'we start with the assumption that the historic police powers of the States were not to be superseded by the Federal Act unless that was the clear and manifest purpose of Congress.'"[5]

> Certainly, the power to prosecute criminal conduct has traditionally been regarded as properly within the scope of State superintendence. The regulation of health and safety has also been considered as "primarily, and historically" a matter of local concern. It cannot be said that it was the "clear and manifest" purpose of Congress to preempt the application of State criminal laws for culpable conduct of employers simply because the same conduct is also governed by

OSHA occupational health and safety standards.

*Id.,* 128 Ill.Dec. at 521, 534 N.E.2d at 966.

The Illinois Supreme Court's analysis is compelling. Like criminal law, the area of tort law traditionally has been occupied by the states. Because Congress has stated no clear and manifest purpose for OSHA to supersede state tort law, this court finds that McElroy's state claim for retaliatory discharge is not preempted by federal law.

This analysis has received implicit support in several other decisions. For example, in *Paige v. Henry J. Kaiser Co.,* 826 F.2d 857 (9th Cir.1987) the court considered claims by employees that they were discharged in retaliation for complaining about violations of the California Occupational Safety and Health Act. *Id.* at 860. The court held that because the employees sued only under state statutes and policy, rather than premising their claims upon federal law, they could properly choose to plead their action as a state claim. *Id.* at 862.[6] *See also, Kilpatrick v. Delaware County Soc. for Prevention of Cruelty to Animals,* 632 F.Supp. 542 (E.D.Pa.1986) (OSHA did not preempt Pennsylvania common law action for wrongful discharge when employee was fired for complaining about occupational hazards to a state agency); *Lepore v. National Tool and Mfg. Co.,* 224 N.J.Super. 463, 540 A.2d 1296 (App.Div.1988) (OSHA did not preempt state court litigation of whether employee was discharged in retaliation for reporting workplace safety violations to the Occupational Safety and Health Administration), *aff'd.* 115 N.J. 226, 557 A.2d 1371 (1989); *Lingle v. Norge Div. of Magic Chef, Inc.,* 486 U.S. 399, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988) (state court action for retaliatory discharge was not preempted by § 301 of the Labor Management Relations Act provided that the state tribunal could resolve

**5.** *See also, Puerto Rico Dept. of Consumer Affairs v. Isla Petroleum Corp.,* 485 U.S. 495, 108 S.Ct. 1350, 99 L.Ed.2d 582 (1988).

**6.** SOS International's contention that *Paige* is inapposite because the plaintiffs brought suit under the California OSHA rather than the federal OSHA makes no sense. In his complaint McElroy apparently cites the federal OSHA only to support his contention that SOS International's conduct violated Illinois public policy.

Whether or not Illinois law in fact recognizes such a cause of action is for the state court to decide. If Congress had intended the retaliatory discharge provisions of OSHA to preempt all state actions for retaliatory discharge, the *Paige* plaintiffs' action would have been preempted as well. This court agrees with the *Paige* court that, in fact, such actions are not preempted.

the claim without interpreting a collective-bargaining agreement).

Although courts are not in full agreement about whether OSHA preempts state tort actions,[7] this court finds apposite and persuasive the reasoning in *Chicago Wire Magnet.* Thus, this court holds that OSHA in no way preempts McElroy's state causes of action. Therefore, SOS International's motion to dismiss for failure to state a claim upon which relief can be granted must be denied.

Finally, because the federal law preemption issue has been resolved and there is no prudential reason to retain McElroy's state law claims, this federal case is dismissed under *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966) without prejudice to plaintiff reasserting his state claims in the state court.

## CONCLUSION

For the reasons stated in this memorandum opinion and order: (1) plaintiff McElroy's motion to remand is DENIED; (2) defendant SOS International's motion to dismiss for failure to state a claim upon which relief can be granted is DENIED; and (3) this case is DISMISSED pursuant to *United Mine Workers* without prejudice to plaintiff's reasserting the state claims in state court.

---

7.  For example, SOS cites *Braun v. Kelsey–Hayes Co.,* 635 F.Supp. 75 (E.D.Pa.1986), which found OSHA preemption of a Pennsylvania wrongful discharge action. 635 F.Supp. at 80. With due respect, however, the court in *Braun* apparently based its holding of preemption in part on the finding that Pennsylvania law would not recognize that particular common law claim of retaliatory discharge. Because this court believes that the questions of whether there is preemption and whether state law recognizes a particular claim are entirely separate, it is reluctant to follow *Braun.*

The Montana Supreme Court's decision in *Thornock v. State,* 229 Mont. 67, 745 P.2d 324 (1987) is more troubling. The plaintiff in *Thornock* was injured while attempting to unjam a block of wood that had stalled a conveyor belt

at a lumber company. He claimed that the defendant, the state of Montana, had breached a duty of inspecting his worksite arising under a Montana safety standard requiring state inspection of hazardous workplaces and machinery. The court held that an OSHA regulation setting federal safety standards for sawmills and adopting specific construction, operation and maintenance standards for conveyors preempted the Montana standard. However, because the *Thornock* case involved a specific safety *standard,* rather than preemption of state tort law in general, as here, the case for preemption in *Thornock* was much stronger under 29 U.S.C. § 667(a) and (b) than here. *See* discussion, *supra.* Moreover, this court finds the facts and analysis presented in *Chicago Magnet Wire* more closely apposite.