7 Ill. App.3d 138 (1972)
287 N.E.2d 180
THOMAS KEPPER, Plaintiff-Appellant,
v.
LA SALLE-PERU TOWNSHIP HIGH SCHOOL DISTRICT No. 120, Defendant-Appellee.
No. 71-163.
Illinois Appellate Court  Third District.
August 28, 1972.
Louis Olivero, of Peru, for appellant.
Herbosheimer & Lannon, of La Salle, and Berry & O'Conor, of Ottawa, (Donald Henson, of counsel,) for appellee.
Judgment affirmed.
Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:
Plaintiff, Thomas Kepper, Appellant, commenced this action in the Circuit Court of La Salle County seeking damages from Defendant, La Salle-Peru Township High School District #120, Appellee, for alleged wrongful discharge of plaintiff as a custodian for the District. In response to plaintiff's second amended complaint, defendant moved for dismissal alleging defendant to be a public entity required to be given a preliminary notice of plaintiff's claim within six months of the occurrence of the incident in accord with Chap. 85, Sections 8-102 and 8-103, Ill. Rev. Stat. 1969, claiming that failure of plaintiff to give such notice barred this action. After argument, the court, pursuant to the motion, dismissed the complaint and the plaintiff elected to stand thereon. This is an appeal from the judgment dismissing plaintiff's action.
According to the complaint, Kepper was employed by the District as a custodian, the terms of his employment being set forth in a union agreement attached to the complaint as an exhibit. The complaint alleges Kepper was wrongfully discharged in September, 1970. This action *139 was originally commenced in December, 1970, about three months after plaintiff's discharge. The last amended complaint was filed in July, 1971, but there is no question but that the amended complaints relate back to December so far as time of filing is concerned. The prayer for relief sought actual damages of $120,000, punitive damages of $50,000, and also requested a mandatory injunction requiring defendant to reinstate plaintiff at his former job. The complaint does not allege the giving of any prior notice to the District of plaintiff's claim and the parties concede that no notice was given to the District except that resulting from the filing of this action.
In seeking to reverse the judgment plaintiff argues that his cause of action is based on contract and the breach thereof. Consequently Chap. 85, Sections 8-102 and 8-103, Ill. Rev. Stat. 1969, are inapplicable since they are limited to torts. If the action is based on contract, plaintiff asserts that the preliminary notice required by Sections 8-102 and 8-103 is unnecessary as specified in another Section of the same Act, namely Chap. 85, Sec. 2-101, Ill. Rev. Stat. 1969.
In support of the judgment defendant argues that plaintiff at no time during the proceedings prior to judgment advanced the theory that his claim was based on contract or that the notice requirements of Sections 8-102 and 8-103 being applicable only to tort actions were not required in contract actions. According to defendant, the only theory advanced by plaintiff in the trial court was that the filing of the complaint within six months of the date of the incident was in legal effect sufficient compliance with the requirement of Section 8-102. As is pointed out by defendant, Erford v. City of Peoria, 229 Ill. 546, holds that the preliminary notice is required even though the action is commenced within the time period for giving the preliminary notice. On this appeal, plaintiff has abandoned this theory and makes no argument that the notice required by Section 8-102 is unnecessary if the action is commenced within six months of the incident.
As may be seen from the foregoing arguments of the parties, the principal issue presented by this appeal is the determination of what issues were actually presented to and considered by the trial court.
 1, 2 Theories not presented to the trial court may not be advanced for the first time on appeal. (Woman's Athletic Club of Chicago v. Hulman, 31 Ill.2d 449, 202 N.E.2d 528.) Recognizing the effect of the foregoing rule, plaintiff suggests that his present argument was advanced in the trial court because the complaint includes a contract as an exhibit and because some of the language in the complaint refers to an agreement. However, after considering plaintiff's brief it is our conclusion *140 that neither the record nor plaintiff's arguments reveal that plaintiff in the trial court claimed that his action was contractual in nature and that Section 2-101 was applicable rather than Section 8-102. In reaching this conclusion, we note that plaintiff filed no written response in opposition to defendants dismissal motion, that the arguments of counsel, if any, made before the trial court were not transcribed and the judgment itself does not indicate what questions were presented and decided.
In holding that plaintiff's contractual theory was not presented to the trial court and thus need not be considered on this appeal, we are aware that the holding is not of great significance. Defendant has conceded that the preliminary notice required by Section 8-102 is not applicable to contract actions and further, that the trial court's judgment based on considering plaintiff's action as a tort action is not a bar to plaintiff filing an action based on contract. Neither the statute of limitations, res judicata, nor estoppel would preclude institution of plaintiff's claim as a contract action.
Whether intentional or inadvertent, plaintiff's complaint is at best ambiguous and ambivalent so far as disclosing whether the action is based on contract or tort. Not only does the complaint suggest violation of duties other than those of contractual origin, but it also describes damages usually recoverable only in tort actions. That such allegations might be regarded as surplus does not change the fact that their inclusion offered ample support for the trial court's determination that plaintiff's action was based on tort and thus barred because of the failure to give the preliminary notice required by Section 8-102.
Finding no error in the judgment of the Circuit Court of La Salle County the judgment of said court is affirmed.
Judgment affirmed.
ALLOY and SCOTT, JJ., concur.