TERESA FRAGASSI, Plaintiff-Appellant, v. ELLIS J. NEIBURGER, Defendant-Appellee.

Second District   No. 2—93—1426

Opinion filed February 7, 1995.

Gerald A. Goldman, Jonathan C. Goldman, and Arthur R. Ehrlich, all of Goldman & Marcus, of Chicago, for appellant.

Richard J. Larson, of Diver, Grach, Quade & Masini, of Waukegan, for appellee.

JUSTICE HUTCHINSON delivered the opinion of the court:

Plaintiff, Teresa Fragassi, appeals the circuit court's dismissal of her complaint against defendant, Ellis J. Neiburger. Plaintiff alleged that defendant discharged her in retaliation for her complaints about safety procedures in defendant's dental practice. The circuit court held that plaintiff's cause of action was preempted by provisions of the Occupational Safety and Health Act (OSHA) (29 U.S.C. § 651 *et seq.* (1988)). Plaintiff contends that the court erred in finding that Federal law preempts her State-law retaliatory discharge action.

Plaintiff's complaint alleges that defendant employed her as a dental assistant from March 10, 1978, until terminating her on July 15, 1992. In about January 1990, plaintiff began wearing latex gloves to protect herself and patients from infectious diseases, as required by regulations promulgated pursuant to OSHA. She urged defendant to adopt this practice also and to mandate it for other employees. When defendant refused, insisting that OSHA regulations did not apply to his office, plaintiff suggested having an OSHA representative conduct an inspection.

Plaintiff further alleged that defendant discharged her from her employment as a result of the exercise of her rights under OSHA and that, prior to her discharge, she had been an exemplary employee who had received numerous raises, bonuses, and commendations during her employment.

Defendant moved to dismiss the complaint, arguing that plaintiff's cause of action was preempted by OSHA. In its order of November 24, 1993, the trial court granted the motion. That same order acknowledged that plaintiff had stated a cause of action. Both defendant and the court relied on *Gade v. National Solid Wastes Management Association* (1992), 505 U.S. 88, 120 L. Ed. 2d 73, 112 S. Ct. 2374, to support the assertion that OSHA preempts a State-law remedy for retaliatory discharge.

■ On appeal, plaintiff contends that neither *Gade* nor the express language of OSHA mandates preemption of the State remedy. In *Gade*, the Court held that an Illinois licensing scheme for hazardous waste handlers was preempted by OSHA. The Court initially noted the purpose of OSHA is "to assure so far as possible every working man and woman in the Nation safe and healthful working conditions" (29 U.S.C. § 651 (1988)). Congress, however, expressly saved two areas from preemption. Section 4(b)(4) permits "any workmen's compensation law or *** any other *** common law or statutory rights, duties, or liabilities of employers and employees *** arising out of, or in the course of, employment." (29 U.S.C. § 653(b)(4) (1988).) Section 18(a) permits State laws covering areas for "which no [Federal] standard is in effect." 29 U.S.C. § 667(a) (1988).

In addition, the statute provides that a State may entirely occupy the field of occupational health and safety regulation by submitting a comprehensive plan to the Secretary of Labor for approval. (29 U.S.C. § 667(b) (1988).) The Court concluded that any nonapproved State regulation of occupational safety and health issues for which a Federal standard is in effect is preempted.

"The design of the statute persuades us that Congress intended to subject employers and employees to only one set of regulations, be it federal or state, and that the only way a state may regulate an OSHA-regulated occupational safety and health issue is pursuant to an approved state plan that displaces the federal standards." *Gade*, 505 U.S. at 99, 120 L. Ed. 2d at 84-85, 112 S. Ct. at 2383.

The Court was careful to point out that OSHA does not preempt every State law which tangentially affects an issue of occupational safety and health. Thus, a State statute is preempted only if it interferes with the "methods by which the federal statute was designed to reach th[at] goal." (*Gade*, 505 U.S. at 103, 120 L. Ed. 2d

at 87, 112 S. Ct. at 2385.) For an example of a State law which is not preempted, the Court cited *English v. General Electric Co.* (1990), 496 U.S. 72, 110 L. Ed. 2d 65, 110 S. Ct. 2270.

In *English*, the Court held that the plaintiff's State-law cause of action for retaliatory discharge was not preempted by the whistle-blower protection provision of the Energy Reorganization Act of 1974 (42 U.S.C. § 5851(a) (1988)). The Court stated, "for a state law to fall within the pre-empted zone, it must have some direct and substantial effect on the decisions made by those who build or operate nuclear facilities concerning radiological safety levels." (*English*, 496 U.S. at 85, 110 L. Ed. 2d at 78, 110 S. Ct. at 2278.) Although nuclear safety is preeminently a Federal concern, " 'a State may nevertheless award damages [including punitive damages] based on its own law of liability' governing unsafe working conditions." (*English*, 496 U.S. at 85-86, 110 L. Ed. 2d at 79, 110 S. Ct. at 2279, quoting *Silkwood v. Kerr-McGee Corp.* (1984), 464 U.S. 238, 256, 78 L. Ed. 2d 443, 457, 104 S. Ct. 615, 625.) The Court noted that State causes of action are normally not preempted merely because they impose liability over and above that authorized by Federal law. *English*, 496 U.S. at 89, 110 L. Ed. 2d at 81, 110 S. Ct. at 2280.

Plaintiff contends that *Gade* did not announce a broad new rule of Federal preemption of State common-law causes of action. Rather, under *English*, a State cause of action for retaliatory discharge is not preempted simply because it imposes a remedy beyond that expressly authorized under the Federal statute.

Defendant responds that under *Gade*, a State may not regulate occupational and health issues unless it is willing to take over the entire field by submitting a comprehensive plan for approval, which Illinois has not done. He points out that OSHA contains its own anti-retaliation provision (29 U.S.C. § 660 (1988)) which he claims provides the exclusive remedy for those who suffer retaliation as a result of their complaints about unsafe working conditions. In a "Statement of Additional Facts" which recites facts not contained in the record on appeal, defendant claims that plaintiff has already successfully pursued this Federal administrative remedy. Defendant further contends that allowing an additional State-law remedy would conflict with the Federal scheme and that such a remedy is therefore preempted. We disagree.

■ Under *Gade*, OSHA preempts State laws which conflict with a Federal standard. A remedy for retaliatory discharge is not a "standard." (*McElroy v. SOS International, Inc.* (N.D. Ill. 1989), 730 F. Supp. 803, 807.) *McElroy* decided the precise question presented here, holding that OSHA did not preempt the Illinois cause of action for

retaliatory discharge. The court noted that the area of tort law has traditionally been occupied by the States and that Congress has not stated a clear purpose for OSHA to supersede State tort law. *McElroy*, 730 F. Supp. at 808.

*McElroy* found persuasive the reasoning of our supreme court in *People v. Chicago Magnet Wire Corp.* (1989), 126 Ill. 2d 356. In that case, the supreme court held that OSHA did not preempt the State's criminal law so that the defendant corporation and several of its officers could be prosecuted for aggravated battery for intentionally exposing workers to dangerous chemicals in the course of their employment. The supreme court observed "that Congress expressly stated that OSHA was not intended to preempt *** tort law." (*Chicago Magnet Wire*, 126 Ill. 2d at 370.) In the absence of a clear statement of intention to supersede the States' traditional role in this area, the supreme court would not find preemption unless the State and Federal regulatory schemes create an irreconcilable conflict. *Chicago Magnet Wire*, 126 Ill. 2d at 371.

●3 We also find the above-cited authorities persuasive that OSHA does not preempt this State's retaliatory discharge remedy. The tort of retaliatory discharge exists to protect employees who are terminated in violation of strongly-rooted public policy. (*Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172, 184.) The supreme court has extended the cause of action from its original context as an outgrowth of the worker's compensation laws to cover the "whistleblower" situation, where an employee is discharged for exposing dangerous or criminal activity of his or her employer. (*Palmateer v. International Harvester Co.* (1981), 85 Ill. 2d 124, 132-33.) Like the *McElroy* and *Chicago Magnet Wire* courts, we believe that a State remedy supplementing that available under the Federal statute effectuates the State's strong public policy while doing no violence to the interests protected by the Federal statute.

Defendant maintains that cases such as *McElroy* and *Chicago Magnet Wire* are "unreliable precedent" because they were decided prior to *Gade*. We are not convinced that *Gade* has wrought such a complete change in the scope of Federal preemption of State tort law. Our conclusion here is completely consistent with the Supreme Court's statement in *English* that a State is free to award damages, even punitive damages, based on its own law governing unsafe working conditions. (*English*, 496 U.S. at 85-86, 110 L. Ed. 2d at 79, 110 S. Ct. at 2279.) *Gade* did not overrule *English*, but rather cited it with approval in delineating the proper scope of Federal preemption.

■ Defendant further contends that superimposing a State remedy for retaliatory discharge on top of the Federal regulatory scheme

will inevitably entangle State courts in interpreting the complex Federal regulations enacted pursuant to OSHA. This, in turn, may lead to inconsistent interpretations, frustrating the goal of a single, uniform set of requirements. Defendant's concern is overstated. A retaliatory discharge action focuses on the employer's conduct in terminating the employee. An employee can state a cause of action if he alleges that he was terminated for protesting unsafe working conditions. This does not always involve interpreting Federal regulations. When individual cases do turn on such interpretations, State courts are capable of construing Federal regulatory schemes. We believe that plaintiff's cause of action is clearly aimed at defendant's alleged retaliatory discharge of plaintiff for her opposition to possible workplace safety violations. Plaintiff has requested leave to amend her complaint upon remand; we believe such relief would be in furtherance of justice in this case.

For the foregoing reasons, the judgment of the circuit court is reversed, and the cause remanded for further proceedings.

Reversed and remanded.

McLAREN, P.J., and BOWMAN, J., concur.