KEN DEWITT, Plaintiff-Appellant, v. McHENRY COUNTY, Defendant-Appellee.

Second District    No. 2—97—0044

Opinion filed January 13, 1998.

Michael W. Rathsack, of Law Offices of Michael W. Rathsack, of Chicago, and Jonathan Kurasch, of Law Offices of Jonathan Kurasch, of Northbrook, for appellant.

Gary W. Pack, State's Attorney, and James T. Harrison and Robert W. Funk, both of Harrison Law Offices, P.C., all of Woodstock, for appellee.

JUSTICE RATHJE delivered the opinion of the court:

Plaintiff, Ken Dewitt, appeals the judgment of the circuit court of McHenry County dismissing his complaint against defendant, McHenry County, for breach of an employment contract. Plaintiff contends that the court erred in holding that his cause of action was barred by the one-year statute of limitations in the Local Governmental and Governmental Employees Tort Immunity Act (the Act) (745 ILCS 10/1—101 *et seq.* (West 1994)).

Plaintiff's complaint alleges that defendant hired him as a data processing manager in February 1989. By December 8, 1993, he held the position of senior systems manager. Plaintiff alleges that he was given a copy of the "McHenry County Government Personnel Policy Handbook." The handbook stated that defendant would not discharge plaintiff without good cause and listed various acts that constituted cause for disciplinary action or termination. The handbook also provided for a pretermination hearing. Plaintiff never committed any of the acts proscribed by the handbook, and no one ever told him that his performance was unsatisfactory. Nevertheless, on December 8, 1993, defendant terminated plaintiff's employment without providing him with a pretermination hearing.

Counts I and II of the complaint allege breach of contract. Count III alleges retaliatory discharge. Count IV is titled "Denial of Constitutional Right to Counsel."

Defendant removed the case to the federal district court, which remanded it to the state court. Defendant filed a combined motion to dismiss the complaint pursuant to sections 2—615 and 2—619(a)(5) of the Code of Civil Procedure (735 ILCS 5/2—615, 2—619(a)(5) (West 1994)).

The section 2—615 portion of the motion argued in pertinent part that the complaint did not adequately allege various elements of a breach-of-contract cause of action, including offer, acceptance, and consideration. Defendant further contended that the copy of the handbook attached to the complaint contained an explicit disclaimer of any intention to create an enforceable contract. The section 2—619 portion of the motion contended that all of plaintiff's causes of action were barred by the one-year limitations period provided in the Act. See 745 ILCS 10/8—101 (West 1994). In response, plaintiff argued that the copy of the handbook attached to the complaint was not the one he actually received, but a later revision, and that the one-year limitations period did not apply to his contract counts.

At the hearing on the motion, the parties first argued the issues of the complaint's factual sufficiency. The trial court demonstrated a willingness to dismiss the complaint on that basis, but also to allow plaintiff leave to amend. The parties then asked to address the limitations issue. The court ruled that section 8—101 barred all of plaintiff's causes of action. The court's order states the court's finding that plaintiff's complaint is time-barred and grants plaintiff 28 days to file an amended complaint.

Plaintiff then filed a notice of his intention to stand on his complaint. The trial court dismissed the complaint with prejudice, and plaintiff filed a timely notice of appeal.

Plaintiff contends that the trial court erred in dismissing his breach-of-contract counts on the basis of the one-year limitations period in section 8—101. He argues that the Act relates only to tort liability and expressly disclaims any intention to affect liability based on contract. Instead, plaintiff contends, the court should have applied either the 5-year limitations period governing actions for breach of oral contracts (735 ILCS 5/13—205 (West 1994)) or the 10-year period governing actions on written contracts (735 ILCS 5/13—206 (West 1994)).

Defendant responds that the plain language of section 8—101 applies to any civil action "for any injury" and broadly defines "civil action" as "any action, whether based upon the common law or statutes or Constitution of this State." 745 ILCS 10/8—101 (West 1994). Because an "injury" may include an injury to a property right, such as a contractual right to employment, defendant argues that that section bars plaintiff's cause of action.

■ The primary purpose of a section 2—619 motion is to dispose of issues of law or easily proved issues of fact. *A.F.P. Enterprises, Inc. v. Crescent Pork, Inc.*, 243 Ill. App. 3d 905, 912-13 (1993). We review *de novo* the granting of a motion to dismiss. *M.E.H. v. L.H.*, 283 Ill. App. 3d 241, 246 (1996), *aff'd*, 177 Ill. 2d 207 (1997).

Previous cases have held that the five-year limitations period applies to an action against a governmental entity for the breach of an unwritten employment contract. *Burris v. School Board District No. 189*, 70 Ill. App. 3d 572, 577 (1979); *Wilson v. Board of Education of Limestone-Walters School District No. 316*, 127 Ill. App. 3d 433, 436 (1984). Because it does not appear that the applicability of section 8—101 was specifically raised, those cases have limited precedential value in this case except to demonstrate the novelty of defendant's theory. In fact, our research has failed to uncover any case that has squarely faced this issue.

Plaintiff points out that the Act does not affect contract liability. Specifically, section 2—101 states:

"Nothing in this Act affects the liability, if any, of a local public entity or public employee, based on:

*** Contract." 745 ILCS 10/2—101(a) (West 1994).

At first blush, this might appear to dispose of the matter. However, defendant argues that it does not. Section 2—101 refers only to "liability." According to defendant, a limitations period such as that found in section 8—101 does not affect liability, but merely shortens the time during which that liability can be asserted. Thus, if a plaintiff alleges that a county has breached a contract more than one year after the cause of action accrued, the county remains liable thereon, but the plaintiff is no longer able to obtain relief.

Defendant's argument appears strained. Liability can be "affected" in a number of ways. Shortening its lifespan is one way of affecting liability. In other words, it can be said that once a cause of action is time-barred the potential defendant is no longer "liable" thereon.

Defendant also contends, however, that the legislature's intention to include contract claims can be gleaned from the plain language of section 8—101, which provides that "no civil action" may be commenced against a local entity "for any injury" unless commenced within one year from the date the injury was received. 745 ILCS 10/8—101 (West 1994). In turn, the Act defines "injury" as "death, injury to a person, or damage to or loss of property." 745 ILCS 10/1—204 (West 1994).

■ An expectation of continued employment can be considered a form of "property" subject to "damage or loss" through wrongful termination. See *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 430, 71 L. Ed. 2d 265, 274, 102 S. Ct. 1148, 1155 (1982); *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 576-77, 33 L. Ed. 2d 548, 560-61, 92 S. Ct. 2701, 2708-09 (1972). However, in interpreting the Act according to well-established principles of statutory construction, as well as considering its historical context, we must reject defendant's interpretation.

■ In construing a statute, a court must ascertain and give effect to the legislature's intent in enacting the statute. *Collins v. Board of Trustees of the Firemen's Annuity & Benefit Fund*, 155 Ill. 2d 103, 110 (1993); *DiMarco v. City of Chicago*, 278 Ill. App. 3d 318, 324 (1996). The statutory language is usually the best indication of the drafters' intent, and the language should be given its plain, ordinary, and popularly understood meaning. *Collins*, 155 Ill. 2d at 111. Because a statute is passed as a whole and animated by one general purpose, each part should be construed with every other part to produce a harmonious whole. *American National Bank & Trust Co. v. National Advertising Co.*, 149 Ill. 2d 14, 23 (1992); 2A N. Singer, Sutherland on Statutory Construction § 46.05 (5th ed. 1992).

■ Here, the provision in question is part of the Local Governmental and Governmental Employees Tort Immunity Act. The title of an act can provide guidance in interpreting an ambiguous provision. *People v. Lamb*, 224 Ill. App. 3d 950, 953 (1992). It is apparent that the purpose of the statute is to circumscribe carefully the tort liability of local governmental entities. It is illogical to assume that the legislature would have enacted a statute with substantive provisions related to tort liability, but included therein a single paragraph providing a statute of limitations governing contract actions.

Furthermore, the historical context in which the Act was passed cannot be ignored. The legislature passed the Act in response to the supreme court's decision in *Molitor v. Kaneland Community Unit District No. 302*, 18 Ill. 2d 11 (1959). See generally J. Latturner, *Local Governmental Tort Immunity & Liability in Illinois*, 55 Ill. B.J. 28, 29-32 (1966) (hereafter Latturner); P. Corboy, *Shielding the Plaintiff's Achilles' Heel: Tort Claim Notices to Governmental Entities*, 28 DePaul L. Rev. 609, 611-12 (1979).

In *Molitor*, the supreme court abolished the doctrine of sovereign immunity in Illinois. *Molitor* started as a suit for personal injuries sustained in a school bus accident. *Molitor*, 18 Ill. 2d at 12-13. Acknowledging that sovereign immunity was then the law in Illinois, the court traced the history of the doctrine, based on the ancient maxim "the King can do no wrong," and concluded that the theory had no place in an enlightened republic. *Molitor*, 18 Ill. 2d at 15-22.

Almost immediately after *Molitor* was released for publication, the legislature responded by passing a series of acts granting absolute immunity to a number of specific types of municipal entities. Latturner, 55 Ill. B.J. at 30. The supreme court struck down the first of these statutes it considered and in so doing made clear that all existing statutes would meet the same fate. *Harvey v. Clyde Park District*, 32 Ill. 2d 60, 66-67 (1964); see Latturner, 55 Ill. B.J. at 30. The *Harvey* court did suggest, however, that a statute classifying municipal functions, instead of classifying among governmental agencies that performed the same function, might be constitutional. *Harvey*, 32 Ill. 2d at 67. Within a few months of *Harvey*, the legislature responded by passing the Act.

It is clear that the legislature passed the Act in response to *Molitor* and *Harvey*, both of which dealt with tort liability. Even before *Molitor*, there had never been any suggestion that a governmental entity was immune from liability on its valid contracts. *Molitor* thus presented no need to address this issue. Pursuant to the supreme court's suggestion in *Harvey*, the Act sets forth a comprehensive scheme delineating under what circumstances a local government will not be subject to tort liability. One of those circumstances is when the suit is filed more than one year after the cause of action accrued. 745 ILCS 10/8—101 (West 1994). There is nothing in the history or structure of the Act to indicate that the legislature was concerned with allowing a governmental entity to limit its liability for breaching a contract, and we will not infer such an intention.

While not directly addressing the issue presented here, other cases have reached results consistent with our conclusion. The Act is in derogation of the common law and must be construed strictly

against the public defendants. *Bertolis v. Community Unit School District No. 7*, 283 Ill. App. 3d 874, 878 (1996). In *DiMarco v. City of Chicago*, 278 Ill. App. 3d 318, 324 (1996), the court held that in enacting the Act "the legislature meant to exclude causes of action under contract theory." See also *Western Waterproofing Co. v. Springfield Housing Authority*, 669 F. Supp. 901, 905 n.2 (C.D. Ill. 1987). Although *DiMarco* and *Western Waterproofing* both involved assertions of immunity rather than a statute of limitations defense, the rejection of the argument in those cases reflects a commonsense conclusion that the Tort Immunity Act does not apply to contracts. Finally, in *Kepper v. La Salle-Peru Township High School District No. 120*, 7 Ill. App. 3d 138, 140 (1972), the court stated that the Act's preliminary notice requirement—since repealed—did not apply to a contract action. The notice requirement had been codified immediately after section 8—101 and served the same general purpose.

Defendant further argues that section 8—101 must be applied rather than section 13—205 or section 13—206 because the former is a specific statute whereas the latter two are merely general statutes. Where there are two statutory provisions, one general and the other specific, the more specific provision controls. *Zimmer v. Village of Willowbrook*, 242 Ill. App. 3d 437, 442 (1993). In this case, it is equally plausible to say that sections 13—205 and 13—206 are more specific. Those sections apply to specific types of actions, including those for oral and written contracts, respectively. On the other hand, section 8—101, at least in defendant's view, potentially applies to all actions against governmental entities.

In *Zimmer*, plaintiffs sued for flood damages allegedly resulting from defendant's installation of culverts near plaintiffs' property. Plaintiffs claimed that section 13—214(a) of the Code of Civil Procedure, rather than section 8—101, applied. Section 13—214(a) provides a four-year limitation period for actions "based upon tort, contract or otherwise" against any person, including a "body politic," for an act or omission in the construction of real property (735 ILCS 5/13—214(a) (West 1994)). We held that if plaintiffs could establish that the culverts were an "improvement" to real property, then section 13—214(a) would apply. *Zimmer*, 242 Ill. App. 3d at 444. While noting that neither of the competing limitation provisions could be considered "general," we found that section 13—214 was potentially "more" specifically applicable to that case, in part because it was restricted to particular types of actions.

The Appellate Court, Fourth District, recently followed *Zimmer* in holding that section 13—211 of the Code, providing that actions by minors may be brought within two years of the minors' attaining ma-

jority (735 ILCS 5/13—211 (West 1994)), was a more specific statute than section 8—101 and thus governed the action of plaintiffs, who were minors at the time they were injured. *Bertolis*, 283 Ill. App. 3d at 880-81. We thus reject defendant's argument that section 8—101 must be applied because it is more "specific."

Defendant also argues that prior appellate decisions support the application of section 8—101 to plaintiff's action. Defendant relies primarily on *Webb v. County of Cook*, 275 Ill. App. 3d 674, 676 (1995), where the court held that section 8—101 barred plaintiff's action for retaliatory discharge.

Plaintiff apparently acknowledges that his retaliatory discharge action is barred; he makes no argument on appeal relative to that count. However, *Webb* does not establish that plaintiff's breach-of-contract counts are barred.

The facts giving rise to a cause of action for negligence may also give rise to a cause of action for breach of contract. Where this occurs, governmental immunity may bar the negligence claim but does not prevent a party from pursuing the contract claim. *Lawrence v. Ingham County Health Department Family Planning/Pre-Natal Clinic*, 160 Mich. App. 420, 425, 408 N.W.2d 461, 463 (1987); 18 McQuillin on Municipal Corporations § 53.01.10 (3d rev. ed. 1993); cf. *Kepper*, 7 Ill. App. 3d at 140.

This is perhaps especially true in the context of employment law. As noted previously, the property right in the expectation of continued employment may be interfered with in a manner giving rise to tort-based liability. Retaliatory discharge actions have been thought to be of this type. See *Webb*, 275 Ill. App. 3d at 679 (refusal to rehire constitutes ongoing tort). Where, as here, plaintiff alleges the existence of a valid employment contract, the application of contract law principles is appropriate. We have already determined that section 8—101 does not apply to a cause of action based on contract. Therefore, *Webb* does not support defendant's contention that plaintiff's action is untimely. The other cases defendant cites are likewise distinguishable in that they did not involve actions for breach of contract.

Defendant's final contention is that we should affirm the dismissal of the complaint on the ground that it fails to state a cause of action. Defendant correctly points out that we may affirm the trial court's judgment on any basis appearing in the record. However, we decline to affirm the judgment on this basis.

It appears from the record that, although the trial court found the complaint factually insufficient, it was prepared to allow plaintiff an opportunity to amend the complaint. Only after the trial court

decided the limitations issue did plaintiff elect to stand on his complaint, asserting that he could not allege any additional facts relevant to the limitations question. The supreme court has cautioned against affirming the dismissal of a complaint on the basis of a correctable pleading defect where it is likely that plaintiffs would have been given a chance to amend the complaint if the defect had been addressed below. *Geaslen v. Berkson, Gorov & Levin, Ltd.*, 155 Ill. 2d 223, 230 (1993). We believe *Geaslen* applies here, where the trial court expressed its willingness to allow plaintiff to amend the complaint.

The judgment of the circuit court of McHenry County is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

GEIGER, P.J., and INGLIS, J., concur.