RAINTREE HOMES, INC., *et al.*, Plaintiffs-Appellants, v. THE VILLAGE OF KILDEER, Defendant-Appellee.

Second District   No. 2—98—0176

Opinion filed January 22, 1999.

Margaret M. Borcia, of Morrison & Morrison, P.C., of Waukegan, and Michael McGurn, of McGurn & Associates, Ltd., of Naperville, for appellants.

Patrick A. Lucansky, Gerard E. Dempsey and Rinda Y. Allison, all of Klein, Thorpe & Jenkins, Ltd., of Chicago, for appellee.

JUSTICE RAPP delivered the opinion of the court:

Plaintiffs, Raintree Homes, Inc., and Raintree Builders, Inc., appeal the judgment of the circuit court of Lake County dismissing their amended complaint for declaratory judgment and other relief against defendant, Village of Kildeer (the Village). The complaint sought as other relief an order requiring defendant to refund certain impact fees. Plaintiffs contend that the trial court erred in holding that their cause of action was barred by the one-year statute of limitations pursuant to the Local Governmental and Governmental Employees Tort Immunity Act (the Tort Immunity Act) (745 ILCS 10/1—101 et seq. (West 1996)). We reverse and remand.

The Village is an Illinois municipality located in Lake County. Plaintiffs are two corporations engaged in building residential homes in the Village. Plaintiffs alleged that prior to December 19, 1995, the Village adopted by ordinance (the original ordinance) a schedule of impact fees required to be paid as a condition of obtaining a building permit for a residential unit.

In December 1995, a letter was sent to the Village by a Northern Illinois Homebuilders Association representative who opined that the fees imposed by the original ordinance would not survive a constitutional challenge and offered to discuss this opinion with the Village. On March 4, 1996, the Village amended its fee ordinance, repealing the original ordinance and adopting a different fee schedule (the amended ordinance).

Raintree Homes, Inc., filed suit against the Village on March 24, 1997, a little more than one year after the repeal of the original ordinance. Its complaint requested a declaratory judgment against the Village's fees and a refund of unspecified fees paid by Raintree Homes, Inc. The Village filed a motion to dismiss the complaint of Raintree Homes, Inc., which was granted and is not a subject of this appeal.

Thereafter, on August 4, 1997, Raintree Homes, Inc., joined by Raintree Builders, Inc., filed their first amended complaint. Plaintiffs alleged that they paid fees to the Village under one or both of the ordinances in order to obtain building permits from the Village. Plaintiffs alleged that these fees were unconstitutional and beyond the Village's statutory authority. On January 8, 1998, the trial court found that plaintiffs had pleaded a "tort type action" and that the action was time-barred under the one-year statute of limitations for civil actions filed against a local public entity. The trial court therefore granted the Village's motion to dismiss plaintiffs' first amended complaint. Plaintiffs timely appealed.

The Village filed a motion to strike certain portions of plaintiffs' brief. This court ordered the motion taken with the case. Thus, before we consider the merits of the appeal, we will first address the Village's motion to strike.

The Village moves this court, pursuant to Supreme Court Rule 361 (155 Ill. 2d R. 361), to strike from plaintiffs' brief argument B, relating to the "voluntary payment doctrine," and those parts of argument A that refer to the "ripeness doctrine" on the ground that these issues are not properly before this court. Plaintiffs have failed to file a response to the Village's motion to strike.

In support of its motion, the Village argues that the trial court's order, which is the subject of this appeal, ruled only on the statute of limitations under the Tort Immunity Act. The trial court found that the Tort Immunity Act's one-year statute of limitations was applicable to plaintiffs' claim. The Village contends that, because the trial court did not specifically address the issues of the "voluntary payment doctrine" or the "ripeness doctrine," these issues have not been preserved for review. We agree with defendant.

■ In order to preserve an issue for review, an appellant must first obtain either a ruling on the issue or a refusal to rule thereon from the trial court. See *Goodrich v. Sprague*, 376 Ill. 80, 86 (1941). As our supreme court held in *Goodrich*:

> "The office of Appellate Court is to review rulings, orders, or judgments of the court below, contained in the record, and matters not ruled upon by the inferior court are not subject to the consideration of the Appellate Court unless the lower court's failure to rule is made the subject of an assignment of error, in which case the propriety of such failure is the question presented to the Appellate Court and not the merits of the matter upon which the trial court refuses to act. In other words, the Appellate Court's jurisdiction is appellate, and extends only to those matters in controversy which have been ruled upon by the trial court." *Goodrich*, 376 Ill. at 86.

■ In the absence of any ruling or decision by the trial court on the applicability of the "voluntary payment doctrine" or the "ripeness doctrine" or the trial court's refusal to rule on these issues, these issues are not subject to the consideration of this court. Accordingly, we find that the "voluntary payment doctrine" and the "ripeness doctrine" are issues not properly before this court and thus strike from plaintiffs' brief argument B, relating to the "voluntary payment doctrine," and those parts of argument A that refer to the "ripeness doctrine."

We now address the merit of plaintiffs' appeal. Plaintiffs argue that the trial court erroneously determined that their claims were

barred by the running of the statute of limitations. The trial court applied the one-year statute of limitations contained in section 8—101 of the Tort Immunity Act (745 ILCS 10/8—101 (West 1996)) to determine that plaintiffs' amended complaint was time-barred. Plaintiffs contend that the Tort Immunity Act applies only to tort claims and is therefore inapplicable to their constitutional claims. Defendant responds that section 8—101 extends to any civil action brought against a local public entity.

■ When considering a motion to dismiss, a reviewing court must accept as true all well-pleaded facts as well as inferences that fairly may be drawn from those facts. *Sharps v. Stein*, 90 Ill. App. 3d 435, 438 (1980). A cause of action should not be dismissed on the pleadings unless it clearly appears that no set of facts can be proved that would entitle the plaintiff to relief. *Sharps*, 90 Ill. App. 3d at 438. A pleading need show only the possibility of recovering, not an absolute certainty, and it should not be dismissed unless it appears that the pleader in no event would be permitted to recover. *Neuman v. City of Chicago*, 110 Ill. App. 3d 907, 913 (1982).

Plaintiffs' amended complaint alleges that the required payment of impact fees prior to the issuance of building permits by the Village is beyond the Village's statutory authority and unconstitutional. Plaintiff argues that its claim is not based upon tort but rather is a constitutional challenge.

■ A developer is entitled to a refund of impact fees paid that are not specifically and uniquely attributable to his activity. See *Rosen v. Village of Downers Grove*, 19 Ill. 2d 448, 453-55 (1960); see also *La Salle National Bank v. Village of Brookfield*, 95 Ill. App. 3d 765, 769-70 (1981). Such a claim is based upon an abuse of governmental authority and is not a tort action. *River Park, Inc. v. City of Highland Park*, 295 Ill. App. 3d 90, 95 (1998), *rev'd*, 184 Ill. 2d 290 (1998). Our supreme court reversed *River Park* on grounds of *res judicata* but specifically declined to address this court's holding that section 8—101 did not apply to a claim of abuse of governmental power. We decline to revisit our holding and reject defendant's argument that the Tort Immunity Act's one-year statute of limitations applies to nontortious civil actions.

■ Section 13—205 of the Code of Civil Procedure provides that "all civil actions not otherwise provided for[ ] shall be commenced within 5 years next after the cause of action accrued." 735 ILCS 5/13—205 (West 1996). Raintree Homes, Inc., filed its complaint on March 24, 1997. The amended complaint challenged the constitutionality of ordinances that were in effect within five years from the filing of the original complaint. It is clear that the original complaint was filed

within the five-year period of limitations under section 13—205 of the Code of Civil Procedure (see 735 ILCS 5/2—616(b) (West 1996) ("an amendment to any pleading shall be held to relate back to the date of the filing of the original pleading so amended")). Accordingly, we hold that the trial court erred in dismissing plaintiffs' amended complaint as untimely.

For the foregoing reasons, the judgment of the circuit court of Lake County is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

GEIGER and McLAREN, JJ., concur.