**Anibal PADILLA, Plaintiff,**

v.

**COUNTY OF COOK, D/B/A Cook County Hospital Defendant.**

**No. 98 C 1363.**

United States District Court,
N.D. Illinois,
Eastern Division.

June 23, 2000.

Martin A. Dolan, Dolan & Shannon, P.C., Chicago, IL, for plaintiff.

Gina Elizabeth Brock, Patrick Malone Blanchard, Cook County State's Attorney, Chicago, IL, for defendant.

### *MEMORANDUM OPINION*

LEVIN, United States Magistrate Judge.

At issue before the Court is Defendant's Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. The motion is directed to Count IV of the Third Amended Complaint. For the reasons set forth below, Defendant's Motion is granted.

### FACTUAL BACKGROUND

At the relevant times herein, Plaintiff, Anibal Padilla ("Padilla"), was a Medical Lab Technician at Cook County Hospital. In subject Count IV, Plaintiff alleges, with specifics, that he complained to his supervisor that his coworkers were improperly trained and were engaging in illegal and improper behavior. As a result, Plaintiff alleges he was retaliated against, disciplined and constructively discharged. (Third Am. Compl. ¶¶ 57–60). Plaintiff thus claims that Defendant is liable to him under the Illinois Whistleblower Protection Act, 5 ILCS 395/1.

It is undisputed that Plaintiff left his employment with Cook County Hospital on June 10, 1997. (Third Am. Compl. ¶ 24). It also is undisputed that Plaintiff first filed his cause of action herein under the Illinois Whistleblower Act, more than one year later, on September 15, 1998.

### ANALYSIS

The Defendant has moved for judgment on the pleadings. The gravamen of the motion is that Plaintiff did not file his Whistleblower Act claim until more than one year after he left his employment[1]; and, therefore, Plaintiff's Whistleblower Act claim against Cook County is time-barred by the one-year statute of limitations contained in Section 8–101 of the Illinois Local Government and Governmental Employees Tort Immunity Act ("Tort Immunity Act"). 745 ILCS 10/8–101.

### I. RELEVANT ILLINOIS STATUTES

The Illinois Whistleblowers Protection Act ("Act"), 5 ILCS 395/1, under which Plaintiff brings the subject action, states:

(a) In any case involving any disclosure of information by an employee of any constitutional officer of this state which the employee reasonably believes evidences (1) a violation of any law, rule or regulation or (2) mismanagement, a gross waste of funds, abuse of authority or a substantial and specific danger to public health or safety if the disclosure is not specifically prohibited by law, the identity of the employee may not be disclosed without the consent of the employee during any investigation of the information and any related matters.

(b) No disciplinary action shall be taken against any employee for the disclosure of any alleged prohibited activity under investigation or for any related activity. For the purpose of this Act, disciplinary action means any retaliatory action taken against any employee, including but not limited to reprimanding, suspension, discharge, demotion, or denial of promotion or transfer.

The Tort Immunity Act, relied on by Defendant, states that "[n]o civil action may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued." 745 ILCS 10/8–101.

Defendant's motion contends that Count IV, premised on the Illinois Whistleblower Act, is time barred by the one-year statute of limitations set forth in the Tort Immunity Act. Plaintiff, on the other hand, contends that the proper statute of limitations for this cause of action is governed by 735 ILCS 5/13–205. This limitations statute applies to "all other civil actions not otherwise provided for."

### II. THE TORT IMMUNITY ACT'S STATUTE OF LIMITATIONS APPLIES HEREIN.

Initially, Plaintiff acknowledges, as he must, that his Whistleblower Act retalia-

---

1. Defendant's point, which is not disputed, is that Defendant's last day of employment was the last date Defendant was in any position to cause any injury to Plaintiff under Count IV. The last date of Plaintiff's employment also triggers the latest possible date of accrual of the instant cause of action.

tion claim is employment related and analogous to a retaliatory discharge cause of action under Illinois law.[2] (*See* Pl. Resp. at 9.) In Illinois, retaliatory discharge actions have consistently been recognized as torts. *Spearman v. Exxon Coal USA, Inc.* 16 F.3d 722, 723 (7th Cir.1994) ("the Supreme Court of Illinois treats retaliatory discharge as a tort"); *See also, Boyles v. Greater Peoria Mass Transit District* (1986), 113 Ill.2d 545, 499 N.E.2d 435, 101 Ill.Dec. 847.

Pivotally, it has been squarely held in Illinois that as a retaliatory discharge claim is a tort, the one-year statute of limitations period provided in the Tort Immunity Act thus applies thereto. *Halleck v. County of Cook,* 264 Ill.App.3d 887, 637 N.E.2d 1110, 202 Ill.Dec. 374 (1st Dist. 1994); *See also, Wallscetti v. Cook County Dept. of Environmental Control,* No. 99 C 4166 (N.D. Ill. 10/99 at p. 10 of transcript of preceedings). Accordingly, an analogous Illinois Whistleblower Act retaliation claim, as here, is also governed by the same one-year statutory time bar.

Plaintiff cites a number of cases for the proposition that the one-year limitations bar of the Tort Immunity Act does not apply herein. Those cases, however, are, respectfully, inapposite. Specifically, Plaintiff cites to *Dewitt v. McHenry County,* 294 Ill.App.3d 712, 229 Ill.Dec. 278, 691 N.E.2d 388 (2d Dist.1998), and *Mansfield v. The Chicago Park District Group Plan,* 946 F.Supp. 586 (N.D.Ill.1996), for the proposition that the Tort Immunity Act does not apply to breach of contract or to ERISA actions. Plaintiff's statutory

Whistleblower Tort action, however is not a breach of contract or ERISA action or analogous thereto. Plaintiff further cites to *Cain v. City of Chicago,* 619 F.Supp. 1228 (N.D.Ill.1985), *Raintree Homes, Inc. v. Village of Kildeer,* 302 Ill.App.3d 304, 235 Ill.Dec. 770, 705 N.E.2d 953 (2d Dist. 1999), and *Firestone v. Fritz,* 119 Ill. App.3d 685, 75 Ill.Dec. 83, 456 N.E.2d 904 (2d Dist.1983) for the proposition that the Tort Immunity Act does not apply to constitutional claims. Plaintiff's statutory action under the Illinois Whistleblower Act, however, is not a constitutional claim. Finally, Plaintiff cites to *Berghoff v. R.J. Frisby Manufacturing Co.,* 720 F.Supp. 649 (N.D.Ill.1989). That case, however, was filed against a private (not government) entity and the governmental Tort Immunity Act thus was neither raised nor involved therein.

### CONCLUSION

For the reasons heretofore stated,[3] Defendant's Motion for Judgment on the Pleadings as to Count IV of the Third Amended Complaint is granted.

---

**2.** See, *Fragassi v. Neiburger,* 269 Ill.App.3d 633, 637, 646 N.E.2d 315, 318, 206 Ill.Dec. 948, 951 (2d Dist.1995) (retaliatory discharge action in Illinois was extended "to cover the 'whistleblower' situation, where an employee is discharged for exposing dangerous or criminal activity of his or her employer.").

**3.** "When applying state law, a federal district court's role is to attempt to predict how the state supreme court would decide the issue

presented. See, e.g., *Allen v. Transamerica Ins. Co.,* 115 F.3d 1305, 1309 (7th Cir.1997); *Baer v. First Options of Chicago, Inc.,* 72 F.3d 1294, 1301 (7th Cir.1995)." *Murry .v. Sheahan,* 991 F.Supp. 1052, 1053 (N.D.Ill.1998). Given the factual and legal circumstances herein discussed, the Court predicts the Tort Immunity Act's one-year limitation bar would be applied by the Illinois Supreme Court in the present case.