No. 2--05--0141

______________________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

______________________________________________________________________________

FRANK HOOD,      ) Appeal from the Circuit Court

      )    of Winnebago County.

Plaintiff-Appellant,              )

      )

v.      ) No. 03--L--410

      )

THE ILLINOIS HIGH SCHOOL ASSOCIA-     ) 

TION and MARTIN L. HICKMAN,           ) Honorable

      ) Janet R. Holmgren,

Defendants-Appellees.      )    Judge, Presiding.

______________________________________________________________________________

JUSTICE CALLUM delivered the opinion of the court:

Plaintiff, Frank Hood, sued defendants, the Illinois High School Association (IHSA) and Martin L. Hickman, the IHSA's executive director, for negligence and defamation.  The trial court dismissed the action (see 735 ILCS 5/2--619(a)(9) (West 2002)) as barred by the Local Governmental and Governmental Employees Tort Immunity Act (Act) (745 ILCS 10/1--101 
et seq. 
(West 2002)).  On appeal, plaintiff argues that defendants are outside the Act's protection because the IHSA is not a "local public entity" as defined by section 1--206 of the Act (745 ILCS 10/1--206 (West 2002)).  We agree, and we reverse the judgment and remand the cause.

Plaintiff's complaint alleged as follows.  He was most recently employed as the basketball coach at privately owned Christian Life High School (CLHS) in Rockford.  CLHS belongs to the IHSA, as do the vast majority of high schools, private and public, in Illinois.  The IHSA makes and enforces rules to assure that its members' sports teams operate fairly.  All member schools and their employees must follow these rules.  On September 18, 2002, CLHS told the IHSA that plaintiff had violated IHSA rules pertaining to recruiting student athletes.  CLHS's allegation was untrue.  By a letter dated November 5, 2002, the IHSA, by Hickman, found that plaintiff was guilty of recruiting violations.  Effective that day, the IHSA barred plaintiff from coaching at any IHSA member school for one year.  The ruling prevented plaintiff from completing the 2002-03 season and made him unemployable for 2003-04.  Defendants did not use due care in investigating the case and failed to inform plaintiff of the charge or allow him to answer it with evidence.  Also, defendants defamed plaintiff by publishing its ruling on the IHSA's website and elsewhere.

Defendants moved to dismiss the complaint under section 2--619(a)(9) of the Code of Civil Procedure (735 ILCS 5/2--619(a)(9) (West 2002)), claiming the affirmative defense of immunity under the Act.
(footnote: 1)  Defendants' motion noted that the IHSA is an unincorporated voluntary association of public and private high schools and that plaintiff's claims arose from defendants' official actions.  The IHSA's claim of immunity relied on section 2--109 of the Act, which states, "A local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable."  745 ILCS 10/2--109 (West 2002).  Hickman's claim of immunity for his alleged negligence relied on section 2--201 of the Act, which states, "Except as otherwise provided by Statute, a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused."  745 ILCS 10/2--201 (West 2002).  A "public employee" is an employee of a local public entity.  745 ILCS 10/1--207 (West 2002).  To establish their immunity to the defamation counts of the complaint, defendants relied on section 2--107 of the Act (745 ILCS 10/2--107 (West 2002)), which states, "A local public entity is not liable for injury caused by any action of its employees that is libelous or slanderous ***."

Defendants' invocation of the Act was premised on their assertion that the IHSA is a "local public entity."  Section 1--206 of the Act defines that term as follows:

" 'Local public entity' includes a county, township, municipality, municipal corporation, school district, school board, educational service region, regional board of school trustees, community college district, community college board, forest preserve district, park district, fire protection district, sanitary district, museum district, emergency telephone system board, and all other local governmental bodies.  'Local public entity' also includes library systems and any intergovernmental agency or similar entity formed pursuant to the Constitution of the State of Illinois or the Intergovernmental Cooperation Act 
as well as any not-for-profit corporation organized for the purpose of conducting public business
.  It does not include the State or any office, officer, department, division, bureau, board, commission, university or similar agency of the State."  (Emphasis added.)  745 ILCS 10/1--206 (West 2002).

Relying in part on 
Carroll v. Paddock
, 199 Ill. 2d 16 (2002), defendants argued that the IHSA is "organized for the purpose of conducting public business."  745 ILCS 10/1--206 (West 2002).  Defendants noted that public schools make up about 85% of the IHSA's membership.  As a result, it has been held that, "although the IHSA is a purely voluntary association, the overwhelmingly public character of the IHSA membership is sufficient to confer state action" under the federal due process clause (U.S. Const. amend. XIV) and federal civil rights law (42 U.S.C. §1983 (2000)).  
Griffin High School v. Illinois High School Ass'n
, 822 F.2d 671, 674 (7th Cir. 1987). 

In response, plaintiff noted that the sentence in section 1--206 on which defendants relied applies only to "not-for-profit corporation[s]" (745 ILCS 10/1--206 (West 2002)) and thus, read literally, excludes the IHSA.  Also, plaintiff reasoned that because the IHSA is a statewide organization, it is more akin to a division or agency of the State than to a unit of local government.  Defendants replied that, although the IHSA is a voluntary association, and not a corporation, its characteristics "mirror those described by the Illinois Supreme Court in 
Carroll
."  Defendants contended that the IHSA conducts "public business" in that its activities benefit the community at large (see 
Carroll
, 199 Ill. 2d at 26).  Also, defendants relied on 
Carroll
's statement that "a not-for-profit is involved in the operation of the government's public business if and only if [it] is tightly enmeshed with government either through direct governmental ownership or operational control by a unit of local government."  
Carroll
, 199 Ill. 2d at 27.  Defendants contended that the IHSA meets this description because it is controlled by local public officials, 
i.e.
, the principals of its member public schools.

The trial court denied defendants' motion.  Defendants moved to reconsider and provided an affidavit from Hickman.  His affidavit stated as follows.  The IHSA is a voluntary association that currently includes 639 public schools and 118 private schools.  The IHSA's constitution and bylaws may be adopted or amended only by the approval of a majority of the member schools.  The bylaws govern the eligibility of member schools and student athletes for interscholastic competition and vest administrative authority in the board of directors, which consists of 10 principals of member schools.  One director is elected from each of seven districts, and three are elected at large.  One of the at-large directors must be employed by a private school.  Before the bylaws were amended in 2003, there were nine directors.  Two were elected at large, and neither was required to be from a private school.  As of October 7, 2004, the date of Hickman's affidavit, nine directors were from public schools.  The IHSA constitution allows the board to appoint an executive director who may investigate and decide "all matters concerning eligibility" and allegations that IHSA rules have been violated.   

On reconsideration, the trial court dismissed the complaint.  The court's written opinion explained that even though a voluntary association is not specifically listed as a type of "local public entity" in section 1--206, "nonetheless the IHSA is the equivalent of a 'not-for-profit corporation organized to conduct public business.' "   The court reasoned that the IHSA is "tightly enmeshed with local governments" because its operations are controlled by "the local school district members."  Plaintiff timely appealed. Plaintiff again argues that the IHSA is not a "local public entity" under section 1--206 of the Act.  We agree.

Statutory construction raises a question of law that we review 
de novo
.  
Carver v. Sheriff of La Salle County
, 203 Ill. 2d 497, 506-07 (2003).  Our goal is to ascertain and effectuate the intent of the legislature.  
Carver
, 203 Ill. 2d at 507.  Ordinarily, the best guide to the legislature's intent is the statutory language itself. 
Garcia v. Nelson
, 326 Ill. App. 3d 33, 38 (2001).  If the language is unambiguous, it must be applied as written.  
Garcia
, 326 Ill. App. 3d at 38.  Also, because the Act is in derogation of the common law, it must be strictly construed against the public defendant. 
Van Meter v. Darien Park District
, 207 Ill. 2d 359, 368 (2003); 
Dewitt v. McHenry County
, 294 Ill. App. 3d 712, 717-18 (1998).  We may not depart from the plain language of the Act by reading into it exceptions, limitations, or conditions that conflict with the express legislative intent.  
Barnett v. Zion Park District
, 171 Ill. 2d 378, 389 (1996).

Whether the IHSA is a "local public entity" under the Act is a question of first impression.  However, the question can be answered by recourse to the plain language of section 1--206.  Defendants do not claim that the IHSA falls into any of the categories listed in the first sentence of section 1--206.  Instead, relying on the second sentence, they contend that the IHSA is a "not-for-profit corporation organized for the purpose of conducting public business."  745 ILCS 5/1--206 (West 2002).  However, as plaintiff points out, the IHSA is simply 
not
 a not-for-profit corporation; it is a voluntary association.  Thus, to interpret the language at issue as defendants urge would require us to read in a term that the legislature easily could have inserted but did not.  Such judicial legislation would be no more defensible than reading unexpressed exceptions, limitations, or conditions into the Act.  Moreover, even were the term "not-for-profit corporation" somehow to be considered ambiguous, strict construction would require us to resolve any ambiguity against defendants.  

The trial court reasoned that the IHSA is "equivalent" to a not-for-profit corporation.  Whatever the merits of that observation, it cannot negate the plain language of the Act.  Moreover, as plaintiff observes, the IHSA is not truly local, but statewide.  It is controlled by a board that is chosen from member schools (not school districts) from across the state, not by units of local government as such. Also, although public schools form the bulk of the IHSA's membership, private schools still make up a significant portion of the organization and may play a key role in its decision making, if only by providing a "swing vote" on the board of directors.

As they did at the trial court, defendants note that the IHSA is considered a part of the state for fourteenth amendment purposes, and they maintain that the IHSA conducts "public business" (745 ILCS 5/1--206 (West 2002)) in that it " ' " 'benefits the entire community without limitation.' " ' "  
Brugger v. Joseph Academy, Inc.
, 202 Ill. 2d 435, 445 (2002), quoting 
Carroll
, 199 Ill. 2d at 25-26, quoting 
Carroll v. Paddock
, 317 Ill. App. 3d 985, 992 (2000), quoting 
O'Melia v. Lake Forest Symphony Ass'n
, 303 Ill. App. 3d 825, 828 (1999).  Again, while these observations may well be correct as far as they go, they do not demonstrate that the IHSA fits within the specific terms of section 1--206 of the Act.  We hold that it does not and thus that neither defendant is shielded by the Act.

For the foregoing reasons, we reverse the judgment of the circuit court of Winnebago County and remand the cause.

 
 
Reversed and remanded.

O'MALLEY, P.J., and KAPALA, J., concur.

FOOTNOTES
1:
1  
Defendants also moved to dismiss both negligence counts and the defamation count against Hickman for failure to state a cause of action (see 735 ILCS 5/2--615 (West 2002)).  However, the trial court dismissed the complaint under section 2--619(a)(9) and specifically declined to address the section 2--615 issues.  Therefore, we do not consider them.